ELIJAH BOWERS, Plaintiff in Error, v. THE PEOPLE, Defendant in Error.

### ERROR TO RECORDER'S COURT.

To constitute the offence of resisting an officer, he must be authorized to execute the process, which must be a legal one ; and it must be so alleged and proved.

The averment that the officer was in the due execution of his duty, as constable, attempting to serve a legal process, will sufficiently declare the validity of the process, and the official authority to serve it.

A sentence to imprisonment in the Bridewell of the city of Chicago, is legal.

AT the January term of the Recorder's Court, of the city of Chicago, 1856, R. S. WILSON presiding, the following indictment was found :

The grand jurors chosen, selected and sworn, in and for the city of Chicago, of the county of Cook, in the State of Illinois, in the name and by the authority of the people of the State of Illinois, upon their oaths, present, that Elijah Bowers, late of said city, on the twenty-first day of December, in the year of our Lord one thousand eight hundred and fifty-five, in said city of Chicago, in the county and State aforesaid, in and upon one Michael Hickey, in the peace of the said people then and there being, and being then and there a public officer, to wit, a constable, and being then and there in the due execution of his duty as such constable, and being then and there attempting to serve a lawful process, did then and there unlawfully, knowingly and willfully resist, obstruct and oppose, and him, the said Hickey, acting as such officer, he, the said Elijah Bowers, did then and there beat, wound and ill-treat, contrary to the statute and against the peace and dignity of the same people of the State of Illinois.

D. McILROY, State's Attorney.

The said Elijah Bowers was arraigned and plead not guilty ; and a jury having been impanneled, such proceedings were thereupon had, that said jury rendered a verdict against said Elijah Bowers. And thereupon a motion was made by defendant's counsel in arrest of judgment. And the court overruled said motion in arrest, &c., to which decision of the court, overruling the motion in arrest, the counsel for defendant then and there excepted. And the court ordered that the said defendant, Elijah Bowers, be fined in the sum of one hundred dollars, and that he be taken from the bar of the court by the sheriff of Cook county, to the Bridewell of the city, and be delivered to the keeper of said Bridewell, who was required and commanded to take the body of said Elijah Bowers and confine him in said Bridewell in safe and secure custody of labor, for the term of six months ; and that the said defendant pay all the costs of these proceedings, and stand committed to the custody of the said keeper until said fine and costs are paid.

The defendant, by his counsel, alleges the following grounds of error in said record:

1st. The indictment attempts to charge two supposed, separate and distinct offences, and fails legally to charge either.

2nd. There is no sufficient and legal allegation of the official capacity of the supposed officer within the meaning of the laws.

3rd. There is no legal or sufficient description of the supposed legal process attempted to be served.

4th. The supposed process is not set out in the indictment, nor from what court it is issued.

5th. The judgment and sentence are illegal and unconstitutional.

6th. The indictment is, in other respects, illegal and insufficient.

7th. The overruling of the motion in arrest was illegal and erroneous.

ANDREW HARVIE, for Plaintiff in Error.

W. H. L. WALLACE, District Attorney, for The People.

SKINNER, J. This was an indictment against Bowers for resisting an officer. The indictment charges that Bowers, on the twenty-first day of December, 1855, at Cook county, Illinois, in and upon one Michael Hickey, the said Michael Hickey then and there being a public officer, to wit, a constable, and being then and there in the due execution of his duty as constable, and being then and there attempting to serve a lawful process, did then and there unlawfully, knowingly and willfully resist, obstruct and oppose, and him, the said Hickey, acting as such officer, beat, wound, ill-treat, and so forth.

The defendant below contends that the indictment is insufficient for want of an averment that Hickey was an officer of Cook county, and because it does not set forth or describe the process which he was attempting to execute when resisted. To constitute the offence of resisting an officer, the officer or person resisted must be authorized to execute the process, in the execution of which he is resisted, the process must be a legal process, and this, to justify a conviction, must be alleged in the indictment, and proved on the trial. The offence consists in resisting or opposing the officer while acting in his official capacity. The writ or process which he is attempting to execute when resisted must have emanated from a court, or person having jurisdiction and authority to issue it; and the officer must, at the time and place, be authorized in law to serve or execute the same. The averment that Hickey was in the "due execution of his duty as

such constable," and "attempting to serve a lawful process" at the time and place resisted, includes the validity of the process; and the averment that he was "then and there a public officer, to-wit, a constable," and "then and there in the due execution of his duty as such constable," is an averment of his official capacity and jurisdiction to serve the process. A general averment that the process was a *lawful process*, and the person resisted, a *public officer, authorized* to execute the same, in the execution of which he was resisted or opposed, is sufficient allegation, both of the validity of the process, and the jurisdiction of the officer. To prove the accused guilty, the process must appear, on its face, to be a *lawful process*, which might be lawfully executed at the time and place; and it must appear that the officer resisted was authorized to execute it, and that the accused obstructed, resisted or opposed, the officer in executing, or attempting to execute the same. *McQuoid* v. *The People*, 3 Gil. 76. The indictment being sufficient, the court below properly overruled the motion in arrest of judgment. The court sentenced the defendant to pay a fine of one hundred dollars, and to imprisonment in the Bridewell of the city of Chicago for six months. The defendant questions the legality of the sentence as to imprisonment in the Bridewell. This question has been settled by this court. Private Laws of 1851, 146, Sec. 50; Laws 1853, 147; *Perry et al.* v. *The People*, 14 Ill. 496.

*Judgment affirmed.*