## STATE *v.* JAMES DURHAM.

A temporary separation of a juror from his fellows, under the supervision of the Court, that said juror may be examined as a witness in a case then pending, will not of itself vitiate the verdict, returned after the juror returns to the jury room.

In an indictment for felony, (containing only one count,) there cannot be a conviction for a minor offence included within such felony, if such minor offence be a misdemeanor  Therefore, in an indictment against A for rape, he cannot, under the same bill, be found guilty of an assault and battery.

(*State* v. *Miller*, 1 Dev. & Bat. 500; *Tilgman's case*, 11 Ired. 573; State v. *Little*, 5 Ired. 58; *Hester's case*, 2 Jones 53; *Moore* v. *Edmondston*, 79 N. C. Rep. 471; *Arrington's case*, 3 Murph. 571, cited and approved.)

INDICTMENT for rape, tried before *Kerr, J.*, and a jury, at the Fall Term, 1874, of GUILFORD Superior Court.

The prisoner was arraigned and found guilty on the following indictment :

" STATE OF NORTH CAROLINA, ) Superior Court,
Guilford county.  } December Term, 1874.

THE JURORS FOR THE STATE UPON THEIR OATHS PRESENT, That James Durham, of the county of Guilford aforesaid, not having the fear of God before his eyes, but being moved and seduced by the instigation of the devil, on the first day of August, in the year of our Lord, one thousand eight hundred and seventy-four, with force and arms at and in the county aferesaid, in and upon one Mary Lay, in the peace of God and the State then and there being, violently and feloniously did make an assault, and her the said Mary Lay, forcibly and against the will of the said Mary Lay, then and there feloniously did ravish and carnally know, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State.

F. N. STRUDWICK, Solicitor."

On the trial below, after the evidence of the State had been offered, his Honor was asked by the prisoner to instruct the jury, that if they were not satisfied of the commission of the felony as charged, they might find the prisoner guilty of an assault and battery. This was refused and the prisoner excepted.

After the case had been put by his Honor to the jury, and they had retired to make up their verdict, and had had the same under consideration during a whole night, one of the jurors was called as a witness in a case then pending for the State; the witness left the jury room and remained in the Court room a short time, till the case was disposed of, when he returned.

There was a verdict of guilty. Motion for a new trial; motion overruled. Judgment of death. Appeal by the prisoner.

*Tourgee* and *Gregory*, for the prisoner.
*Attorney General Hargrove*, for the State.

BYNUM, J. 1. After the jury had been charged by the Court and had retired to consider of their verdict, it was made to appear that one of the jurors was needed in Court as a witness in a case then called for trial, whereupon the Court directed the juror to be brought from the jury room, as a witness, and upon the case being continued, he was immediately returned to the jury room. This temporary separation of the juror from his fellows, by the direction and under the supervision of the Court, does not vitiate the verdict, as has been determined by this Court in many cases. *State* v. *Miller*, 1 Dev. & Bat. 500. *State* v. *Tilgman*, 11 Ired. 573; *State v. Lytle*, 5 Ired. 58; *State* v. *Hester*, 2 Jones 53; *Moore* v. *Edmondston*, 70 N. C. 471.

2. The counsel of the prisoner asked the Court to charge the jury, that if they were not fully satisfied of the prisoner's guilt of the rape, they might under the same indictment, find him guilty of assault and battery. His Honor refused the in-

struction, in that he committed no error. No evidence is set forth, from which this Court can see that the prisoner was entitled to such an instruction, even if in law, the jury could render such a verdict. The indictment contains but a single count, that of the capital felony of rape.

The rule of common law is, that in an indictment for a felony, there could not be a conviction of a minor offence included within it, if such minor offence be a misdemeanor; and this is the foundation of the rule, than an acquittal of a felony, is no bar to another indictment for the same act, charging it as a misdemeanor, and *vice versa,* 2 *Hawk* C. 47, S. 6, 1 Chit. C. L. 251, 679; I Ld. Ray 711. 3 Salk, 193. The same rule of the common law prevails in most of the States of the Union, though in some of them, it has been altered by statute, so that a conviction of a misdemeanor is allowed in cases where it is included in the higher offence charged. Whar. Crim. Law, sec. 400.

In North Carolina we have adhered to the common law. In the *State* v. *Arrington,* 3 Murph 571, the prisoner was indicted for horse stealing, and the jury found as their verdict that "he was not guilty of the horse stealing, but was guilty of trespass. Whereupon the Court ordered them to retire and reconsider the case and return a verdict of guilty or not guilty, in manner and form as charged in the indictment, and no more. The jury retired and soon returned their verdict, finding the defendant guilty of the felony charged in the indictment. Upon appeal to this Court, it was held that the first verdict should stand as it was a plain response of not guilty to the issue submitted, and the addition of the defendant's having been guilty of trespass, did not vitiate it. In delivering the opinion, C. J. TAYLOR said: " had the first verdict been so rendered, the judgment would have been arrested; the rule being, that a defendant cannot be found guilty of a misdemeanor, on an indictment for felony." So far as we are informed the practice in this State has been in conformity with this decision.

29

There is no error. This will be certified to the end that further proceedings be had according to law.

PER CURIAM.                    Judgment accordingly.