STATE v. JOHN PERKINS.

*Misdemeanor—Punishment—Alternative Judgment.*

1. An assault with intent to commit a capital felony (here rape) is a misdemeanor, and the punishment on conviction therefor of imprisonment in the penitentiary does not change the grade of the offence.

2. On trial of an indictment for such offence containing a single count and charging its commission with a felonious intent, the jury, upon the evidence and under the instructions of the court, found defendant

guilty of the assault only ; *Held*, that the conviction was proper. To charge the offence as a felony does not make it one.

3. Alternative judgments are not allowed either in civil or criminal cases ; *Hence* it is error in a judge to sentence one convicted in a criminal action to pay a fine, and in default thereof to be imprisoned.

4. In such cases the rule is to remand the cause to the end that a proper judgment—definite and unconditional—may be pronounced.

(*State* v. *Durham,* 72 N. C., 447 ; *State* v. *Upchurch,* 9 Ired., 454 ; *State* v. *Bennett,* 4 Dev. & Bat., 43 ; *Dunn* v. *Barnes,* 73 N. C., 273, cited and approved.)

INDICTMENT for an Assault with intent to commit rape, tried at Fall Term, 1879, of CAMDEN Superior Court, before *Gudger, J.*

The bill contained one count wherein the defendant is charged with making a violent and felonious assault upon the person of the prosecutrix with intent, her then and there feloniously and against her will, to ravish and carnally know, and upon the trial under instructions from the court, was found guilty of an assault only. Thereupon the defendant's counsel moved for his discharge on the ground that in an indictment for a felony there could not be a conviction for the constituent misdemeanor involved in the charge, and a verdict acquitting of the felony was in law a verdict of not guilty. The motion was refused, and the court adjudged that the defendant pay a fine of fifty dollars, and in default thereof that he be imprisoned for sixty days. The defendant excepted, for that the court erred in telling the jury if they believed the testimony the defendant was guilty of an assault, and the judgment pronounced was alternative. Appeal by defendant.

*Attorney General,* for the State.

*Messrs. Gilliam & Gatling* and *J. P. Whedbee,* for defendant.

SMITH, C. J.  The defendant's appeal presents two questions to be determined, first, was the defendant entitled to his discharge? and secondly, if not, was the sentence regular and legal?

1.  The legal proposition, that upon a single felonious charge contained in an indictment a person cannot be convicted and punished for the misdemeanor involved, is correct upon principle and by express adjudication in this state.  In *State* v. *Durham*, 72 N. C., 447, in reviewing an exception of the prisoner to the refusal of the court "to instruct the jury that if they were not satisfied of the commission of the felony as charged" (rape) "they might find the prisoner guilty of an assault and battery," BYNUM, J., thus states the rule:  "The rule of the common law is, that in an indictment for a felony, there could not be a conviction of a minor offence included within it, if such minor offence be a misdemeanor; and this is the foundation of the rule, that an acquittal of a felony is no bar to another indictment for the same act, charging it as a misdemeanor and *vice versa*."—Citing 2 Hawk. P. C., ch. 17, § 6; 1 Chitty Cr. L., 251, 679; 1 Lord Ray., 711; 3 Salk., 193.  It is equally well settled that if the act alleged to have been done with a felonious intent and set out in an indictment, constitute only a misdemeanor, the imputation of the felonious intent may be rejected as repugnant to the legal import of the offence described.  *State* v. *Upchurch*, 9 Ired., 454; 1 Whar. Cr. L., § 400; 2 East P. C., 1028.  The offence charged against the defendant is of an attempt to commit rape and not a misdemeanor.  An assault with intent to commit rape by a slave or free person of color upon the body of a white woman was formerly a capital offence.  Rev. Code, ch. 107, § 44.  The statute has been abrogated since the recent amendment made to the constitution of the United States; and by the substituted enactment of April 10th, 1869, it is declared "that every person convicted by due course of law

of an assault with intent to commit rape upon the body of any female, shall be imprisoned in the state prison not less than five nor more than fifteen years." Bat. Rev., ch. 32, § 5. The punishment to be inflicted does not change the grade of the offence, and it remains as at common law, like all other attempts or assaults with intent to commit a felony (capital or otherwise), but an aggravated misdemeanor. There was therefore no error in refusing to discharge the defendant and in proceeding to pronounce judgment upon the offence of which the defendant is found guilty.

2. But the form of the judgment is not warranted by law, and the exception thereto is well taken. It should be, not in the alternative, imposing a pecuniary penalty the discharge of which depends upon the volition of the defendant, and upon his failure to meet it, the imprisonment of his person, but positive and definite in its terms. *State* v. *Bennett*, 4 Dev. & Bat., 43. The same doctrine prevails in civil causes, and where a judgment was rendered for a definite sum in gold or another its equivalent in federal currency, this court held it to be erroneous and "not in accordance with the practice and decisions" in this state. *Dunn* v. *Barnes*, 73 N. C., 273.

But as the appeal vacates the judgment and a new sentence must be pronounced, the error can be corrected, and we advert to it to prevent its repetition.

This will be certified to the end that the court may proceed to judgment on the verdict according to law.

Error. Remanded for proper judgment.