STATE v. LOVE ANN JONES.

*Assault with Intent to Commit Rape—Female May be Guilty of.*

A female who aids and abets a male assailant in an attempt to commit a rape becomes thereby a principal in the offence.

(*State* v. *Perkins*, 82 N. C., 681, cited and approved.)

INDICTMENT for an assault with intent to commit rape, tried at April Term, 1880, of NEW HANOVER Criminal Court, before *Meares, J.*

Verdict of guilty, judgment, appeal by the defendant.

*Attorney-General*, for the State.

The defendant was not represented in this court.

DILLARD, J.  The indictment contains two counts, one charging John Jackson with an assault with intent to commit a rape on one Sarah Jane Waldriss; and defendant, Love Ann Jones, with being present aiding, abetting and assisting; and the other charging in joint terms a simple assault and battery.  At the trial of Love Ann Jones, (the male defendant not being taken), the jury found her guilty of the assault with intent to commit rape in manner and form as charged in the bill of indictment, and from the refusal of the court to arrest judgment this appeal is taken.

The question presented in this case for review is, whether a woman, being incapable in and of herself to commit rape, can be convicted and punished on a bill charging a man with an assault with intent to commit a rape, and charging herself with being present, aiding, abetting and assisting. At common law, rape was a felony, and the rule was, that all persons who were present aiding, abetting and assisting a man to commit the offence, whether men or women, were principal offenders and might be indicted as such, or if not present in a legal sense, they might be guilty as accessories before or after the fact.  1 Russell on Crimes, 557; 1 Hale, P. C., 628; 1 Hawkins P. C., ch. 16, § 10.  And by these authorities, it is clear, that if the offence had been rape, instead of an assault with intent to commit rape, the pre ence of the female defendant aiding and assisting John Jackson in the deed would have made her guilty, and the grade of her guilt would have been that of a principal, or if not present but yet aiding, encouraging and assisting in the crime, her guilt would have been that of an accessory before the fact.  But the offence charged in the bill of indictment in this case is a mere misdemeanor, as decided by this court in *State* v. *Perkins,* 82 N. C., 681, and being such, Love Ann Jones, if guilty at all, incurred the guilt of a principal, the rule being, that whatever would make a person principal in the second degree or accessory before the fact in a felony,

makes him or her a principal in misdemeanors. 1 Wharton Cr. Law, § 2709. Applying this rule to the case at bar, John Jackson by the assault with the intent to commit the rape was a principal; and so, likewise, the female defendant (although incapable in and of herself to commit the offence) by advising, procuring or assisting in its perpetration, incurred guilt and of the grade of a principal, and is responsible as such, whether present or absent at the time of the fact committed.

Seeing that the female defendant may be guilty as a principal, ought she not to have been charged in the bill as a principal, and not as giving aid and assistance to the man in his assault with the unlawful intent? It may be, and we inclined to the opinion that it is so, that the assault with the criminal intent might have been charged against both of the parties accused, as principals, instead of charging Jackson with the assault and the woman with aid and assistance to him. But there does not appear to us to be any valid objection to the charge as made. The bill charges that Jackson made the assault and that Love Ann Jones aided and assisted him. That is but charging according to separate facts, and they as charged make in legal effect the case of guilt as a principal. *Regina* v. *Cresham,* 1 C. & M , 187.

There is no error and this will be certified to the criminal court of New Hanover.

PER CURIAM.                                        No error.