STATE *v.* MILLARD F. DANCY.

*Assault with Intent to Committ Rape—Female under Ten Years—*
*Punishment.*

Unlawfully to carnally know and abuse a female under the age of ten
    years constitutes the crime of rape ; *Therefore,* one convicted of an as-
    sault with intent to commit such offence is liable to the punishment
    prescribed in Battle's Revisal, ch. 32, § 5.
(*State* v. *Johnston,* 76 N. C., 209; *State* v. *Storkey,* 63 N. C., 7, cited and
    approved.)

INDICTMENT for an assault with intent to carnally know a
female under ten years of age, tried at Spring Term, 1880,
of WILKES Superior Court, before *Buxton, J.*

The indictment charged that the defendant in and upon
one Mary Ann Whittington (an infant under the age of ten
years), feloniously made an assault, and her the said Mary
did beat, wound and ill-treat, with intent her the said Mary
feloniously and unlawfully to carnally know and abuse, &c.
The defendant was convicted, and his counsel insisted "that
the offence charged in the indictment was distinct from an
assault with intent to commit a rape, and that the punish-
ment was not prescribed by statute as such, but was to be
punished as a (common) misdemeanor, the intent alleged
being mere matter of aggravation and not changing the
grade of the offence." But the court was of a different opin-
ion and sentenced the defendant to imprisonment in the
penitentiary for five years, from which judgment the de-
fendant appealed.

*Attorney-General,* for the State.
The defendant was not represented in this court,

ASHE, J. If unlawfully to carnally know and abuse a

female under ten years of age is rape, then there is no error in the sentence of the court below, but if it is not, then it is erroneous.

The legislature has declared by the act of 1868, ch. 167, § 2, that "every person who is convicted in due course of law of ravishing and carnally knowing any female of the age of ten years or more, by force and against her will, or who is convicted in like manner of unlawfully and carnally knowing and abusing any female child under the age of ten years, shall suffer death." The act of the state of Michigan, in relation to the punishment of the crime of rape, is almost identical with the above section. In the case of *People* v. *McDonald*, 9 Mich., 150, which was like our case, an indictment for an assault with intent to carnally know an infant under the age of ten years, the court held, "both these offences are rape, as they come within the common law definition of that offence. The distinction between them relates solely to the character and amount of proof required to convict of the offence. Force and want of consent must be satisfactorily shown in the case of carnal knowledge of a female of the age of ten or more, but they are conclusively presumed in the case of such knowledge of a female child under that age, and no proof will be received to repel such presumption."

According to SIR WM. BLACKSTONE rape is the carnal knowledge of a woman forcibly and against her consent. 4 Bl., 210. LORD HALE, who wrote his Pleas of the Crown long after the 18th Elizabeth was passed, which made it a felony without benefit of clergy to carnally know and abuse any female under the age of ten years, defines rape to be "the carnal knowledge of any woman above the age of ten years against her will, and of a woman-child under the age of ten years with or against her will." 1 Hale's P. C., 210. And in this state, the construction given by this court to the second section of the above act of 1868, (Bat. Rev., ch. 32, § 2,) is

39

that it is " rape " to carnally know and abuse a female under ten years of age. Mr. Justice READE, in delivering the opinion in *Johnston's* case, 76 N. C., 209, held that the object of the statute of 18th Elizabeth, which is almost identical in its phraseology with the latter clause of the second section of our act of 1868, " was not to create a new offence distinct from rape, but it was to make such carnal knowledge and abuse, rape." And again, in *State* v. *Storkey*, 63 N. C., 7, this court held, " our statute makes it *rape* carnally to know a child under ten years of age, even though she consent."

Upon these authorities, then, we hold that unlawfully to carnally know and abuse a female under the age of ten years constitutes the crime of rape. And the third section of chapter 167 of the act of 1868, (Bat. Rev., ch. 32, § 5,) provides " that every person convicted by due course of law of an assault with intent to commit a rape upon the body of any female, shall be imprisoned in the state's prison, not less than five nor more than fifteen years." This section in the act of 1868, followed immediately after the second section of that act, and had direct reference to it, and was intended to include assaults upon females, whether of the age of ten years or more. It uses the words "any female," which embraces females of all ages.

The sentence therefore pronounced by His Honor upon the defendant was properly imposed, and there is no error. Let this be certified, etc.

- PER CURIAM.                  No error.