Coates v. State.

## COATES V. STATE.

1. CRIMINAL LAW : *Insanity as an excuse for crime.*

A defendant who relies upon insanity as an excuse for crime must prove it by a preponderance of evidence· *Casat v. State*, 40 *Ark.*, 511.

2. SAME : *Rape: Carnal knowledge of girl under twelve years of age: Consent.*

Under *Mansf. Dig.,* secs. 1568–1571, the carnal knowledge of a girl under the age of 12 years, with or without her consent, is a felony. If the act is committed with her consent, when she is capable of consenting, the offense is punishable by confinement in the penitentiary ; if it is committed against her will, or she is incapable, from tender years, or want of mental and physical developement, of exercising a will, with reference to the act, it is rape, and the punishment is death. In both offenses the presumption is that the girl is incapable of consenting, and in the lower offense this presumption

Coates v. State.

is conclusive; but where the charge is rape the legal presumption as to consent may be rebutted by showing that the girl did, in fact, understand the nature of the act, and the degree of the offense may thus be reduced.

APPEAL from *Sebastian* Circuit Court.
JNO. S. LITTLE, Judge.

*C. E. Warner,* for appellant.

1. To constitute the crime of rape, two things must be proven beyond a reasonable doubt; first, force, and second, actual penetration. The testimony tends to disprove penetration at all, at the time charged in the indictment; the evidence fails to establish that force was used.

2. By the fourth instruction the jury were told that penetration alone was sufficient to warrant a conviction of rape, thus excluding the questions of consent and force. This standing alone was erroneous, and, taken in connection with other instructions, was calculated to mislead.

3. The fifth instruction was error, in excluding entirely the question of force. Under this instruction, if the jury found that no force was used, or that the act was with the consent of the girl, she being over ten and under twelve years of age; still, under this instruction they were bound to find the appellant guilty of rape. This instruction could only be the law if appellant had been tried under *sec.* 1571 of *Mansf. Dig.*

Under the *Common Law and English Statutes* (adopted by us) it was only when the female was under ten years that the act was rape, where there was no force. Under that age the statute 18 *Eliz. Ch.*, 7 made the offense rape, with or without the consent of the female, and, by reason of her tender years, held her incapable of consent. But when over *ten* and under *twelve*, when without force, the common law

Coates v. State.

is indefinite, and, to remedy this, *sec.* 1571 *of Mansf. Dig.* was passed. These views are not contrary to *Dawson v. State*, 29 *Ark.*, 119.

4. After ten years of age females are capable of consenting, if not so as to justify, at least so as to reduce the crime to the lower grade. *Cooley Blacks., Book* 4, *p.* 211, [*3d Ed*]; 29 *Ark.*, 116; 1 *Russ. St. Cr.*, [*8th Ed.*] 693; *Bish. St. Cr., sec.* 480–3; 4 *Gray*, 10; 50 *Conn.*, 579; 12 *Oh. St.*, 466; 11 *Nev.*, 255.

5. In its instructions as to the burden of proof when insanity is relied on as a defence, the court followed *Casat v. State*, 40 *Ark.*, that the defendant must prove his insanity by a preponderance of evidence. Reviews this case and contends that the rule laid down should be overruled. The true rule is, that if, upon the whole evidence, the jury has a reasonable doubt of defendant's sanity they should give him the benefit of that doubt. 40 *Coms.*, 136; 56 *Miss.*, 270; 17 *Mich.*, 14; 32 *Id.*, 2; 38 *Id.*, 485; 31 *Ill.*, 394; 40 *Id.*, 352; 11 *Kan.*, 42; 43 *N. H.* 230.; 50 *Id.*, 369; 19 *Ind.*, 170; 31 *Id.*, 486; *Ib.*, 492; 60 *Id.*, 641; 66 *Id.*, 58; 16 *N. Y.*, 58., *Whart. Cr. Ev., secs.* 339-40 *and note.*

*Dan W. Jones*, Attorney General, for appellee.

1. The court properly instructed the jury. 29 *Ark.*, 116; 40 *Id.*, 511.

2. If the girl is very young and of mind not enlightened on the question, this consideration will lead the court and jury to demand less clear opposition than in the case of an older and intelligent female, *or even lead them to convict where there was no apparent opposition at all. Bish. Cr. Law, Vol.* 2, *sec.* 1124; 12 *Iowa*, 66; 11 *Ga.*, 225; 4 *Cox Cr. Cas.*, 220; 38 *E. C. S. Rep.*, 419; *see also* 29 *Ark.*, 120, where it was held, " A rape may be committed on a female

Coates v. State.

under the age of puberty, as well as one above it; *and even upon one so young as not to be capable of giving consent,* or of exercising any judgment upon the matter."

The facts of this case make a clear case of rape, and not a violation of *sec.* 1571 *of Mansf. Dig.* The evidence warranted the fifth instruction, and appellant could not have been prejudiced by it.

COCKRILL, C. J. The appellant was indicted for rape and was convicted. The victim was his daughter, a damsel ten years of age. His defence was insanity. The proof to sustain it was meagre. The charge of the court upon this subject was in accord with *Casat v. State,* 40 *Ark.,* 511, where it was announced that a defendant who relies upon insanity as an excuse for crime must prove the fact by a preponderance of evidence. We are asked to reverse this rule, and counsel are encourged to press the point because the decision in that case was by a divided court. We are aware there is a conflict in the authorities upon the question determined in Casat's case. The two opinions delivered in the case show, however, that it was very fully and carefully considered, and it is not claimed that any new light has been shed upon it since its former consideration by the court. The case was decided on the concurring opinion of a majority of the court, and the decision is authoritative. There has been a change in the court since that time, and that fact may have influenced counsel to urge that the case be overruled, " but it would be mischevious, in the highest degree," as Judge Cooley expresses it, "to permit the re-opening of controversies every time a new judge takes his place in the court, thereby encouraging speculation as to the probable effect of such changes upon principles previously declared and enforced in decided cases. Nothing is more important than that the law should be settled, and when a principle has

1. CRIMINAL LAW: Insanity as an excuse for crime.

once been authoritively laid down by the court of last resort it should be regarded as finally settled," as well after as before the membership is changed.   *McCutcheon v. Homer*, 43 *Mich.*, 483.   Finding the question deliberately settled by this tribunal, and its conclusion sustained by the weight of authority, we adhere to the settled doctrine without further investigation.

There is no room to question the court's direction to the jury upon the charge of rape when considered as a whole, unless in that part of it here set forth.   After charging fully and fairly as to the necessity of the proof of force in the commission of the act to warrant a conviction, the charge proceeds:   " If you find from the evidence that at the time of the alleged commission of the offence the prosecutrix was under twelve years of age, and that, on account of her tender years, she was incapable of understanding the nature of the act, her consent would be no protection to the defendant."

Now, there is no evidence in the record from which it can be fairly inferred that the child consented to the commission of the crime.   She, herself, expressly denied it, and the witnesses who were attracted by her cries and groans, and who interrupted the prisoner in the act, testify that they overheard him threatening to whip her if she did not hush, and that she was weeping continually—she was bruised and lacerated at the time from former attempts by the prisoner to commit the act, and she consented to enter the paternal roof on the evening of the offence only upon the command of her unnatural father.   It is true she said at one time in her examination that he did not force her, but force, as her untaught mind understood it, was not necessary to the completion of the offence.   There is a wide difference between submission and consent. The submission of a child in the hands of a strong man, who exercises the authority of a parent to subdue her, cannot be taken to be such consent as will jus-

tify him against a charge of rape. *State v. Cross*, 12 *Iowa*, 66; *Sharp v. State*, 15 *Tex. Ct. App.*, 17. *Cliver v. State*, 45 *N. J. Law*, 46. Even when the child is unresisting the law deems the act thus done as accomplished by force. *Cases, supra*; *Pleasant v. State*, 13 *Ark.*, 360; *Dawson v. State*, 29 *Ark.*, 116.

But, as the jury might have drawn a different conclusion from the testimony, however unwarranted, we proceed to inquire whether the instruction announces the law, the prisoner's life being involved.

If a female be an adult, but incapable of consent to carnal intercourse, from idiocy or a drug administered to her, the act is said to be forcible and against her will. The analogy of the law extends the rule to the condition of an infant, whose tender years, or exceptional want of mental and physical developement where her age is sufficient, renders her incapable of understanding the nature of the act. *Dawson v. State*, 29 *Ark.*, 116; 1 *Whart. Cr. Law, sec.* 558; 3 *Greenleaf Evidence, sec.* 211; *Anschicker v. State*, 6 *Tex. Ct. App.*, 524.

Under the statute of 18 *Elizabeth* a girl under ten years was conclusively presumed to be incapable of consent, and it was rape to have carnal knowledge of her with or without her consent. 1 *Hale Pleas of the Crown*, 631; *Croswell v. People*, 13 *Mich.*, 427; *State v. Dancey*, 83 *N. C.*, 608; *State v. Johnson*, 76 *Id.*, 209; *State v. Tillman.* 30 *La. Ann.*, 1249; see too *Commonwealth v. Sugland*, 4 *Gray*, 7; *People v. McDonald*, 9 *Mich.*, 150; *Fizell v. State*, 31 *Wisc.*, 364; *Lawrence v. Commonwealth*, 30 *Gratt.*, 845.

The statute of *Westminster* 1, which defined the same crime and made it a trespass if not prosecuted within 40 days, embraced all females "within age"—a term which all the authorities agree meant twelve years, [*Pierson v. State*, 44 *Ark.*, 265; *State v. Tillman*, 30 *La. Ann.*, 1249; *Croswell v.*

*People, supra.*] and made it an offence to have carnal inter-
course with such a female, though consenting. As the
statute of *Elizabeth* did not include females between ten and
twelve, it was held that it did not repeal that part of the
statute of *Westminster* which created the offense as to them.
These statutes became a part of our law by adoption.
*Mansf. Dig., sec.* 566 ; 4 *Blackst.,* 411 ; 1 *Hale P. C.,* 631.
It was, consequently, a common law offence—using that term
in its common acceptation with us as embracing the British
statutes in force when we adopted the law of England as our
own—to have carnal knowledge of a girl under twelve years
of age—a felony, if under ten, a misdemeanor as generally
accepted, [but according to *Sir Matthew Hale, supra,* a
felony] if over ten but under twelve. 2 *Bish. Cr. Law, sec.*
1133 ; *Croswell v. People, sup.* The presumption in every
such case was that the female, by reason of her tender years,
was incapable of consenting. It was immaterial whether the
charge was the crime denounced by the statute of *Elizabeth,*
or the offence defined by the statute of *Westminster* 1 and not
covered by the later statutes, the presumption was conclu-
sive that the act was against the will of the girl within age.
Accordingly, in *Pierson v. State, sup.,* it was determined
that the legislature of this state, when they defined the
offence of carnally knowing or abusing " a female child under
the age of puberty," meant a female child within age, that
is under the age of twelve years, because that was the age
of consent in the charge of rape.

2. SAME:
Rape:
Carnal
knowledge
of girl un-
der twelve:
Consent.
Reading the provisions of the statute as to rape proper and
the carnal knowledge of children together, as in *pari mate-
ria,* the conclusion is that he who carnally knows a girl under
the age of twelve years, with or without her consent, is
guilty of a felony. If with her consent, when she is capa-
ble of consenting, the offence is punishable by confinement
in the penitentiary ; if against her will, or she be incapable

of exercising a will on the subject, it is rape, [*Dawson v. State*, 29 *Ark.*, *sup.*; *Charles v. State*, 11 *Id.*, 389 ;] and the punishment is death. *Mansf. Dig.*, secs. 1568 *et seq.* The presumption in each case is that the girl is incapable of consenting. In rape the presumption may be rebutted by showing that the female in fact understood the nature of the act, [*Omeara v. State*, 17 *Ohio St.*, 522 ; *Charles v. State*, 11 *Ark.*, *sup.*] and the offence be thus reduced to the lower punishment. In the offence of less punishment the presumption is conclusive. In this way full scope may be given to each provision of the statute without impairing the operation of either. *Mansf. Dig.*, secs. 1568, 1571.

Independently of *Acts of Parliament*, the having carnal knowledge of a child of tender years with her consent was not an offence in England, according to Cockburn, C. J., delivering the judgment of the court of criminal appeals in *Regina v. Johnson*, 10 *Cox Cr. Cases*, 114. Our statutory definition of rape proper, however, is declaratory of the law as understood after the acts of *Westm.* 1 and 18 *Elizabeth*; 1 *East Pl. Cr.*, 434; 4 *Black.*, 210; 1 *Hale Pl. Cr.*, 627 ; *Croswell v. People*, 13 *Mich.*, *sup.*; *State v. Johnson*, 76 *N. C.*, *sup.*; *State v. Tillman*, 30 *La. Ann.*, *sup.* That our statutes were not intended to abate or modify the offence, as then understood, further than was done by the provision in relation to females under the age of puberty as above indicated, is shown by the judgment in *Dawson v. State*, 29 *Ark.*, *sup.*, where it was held under an indictment for rape in ordinary form, not to be error to refuse to charge the jury to acquit the prisoner if they found that the deflowered girl "offered no resistance, requiring force to overcome it, but merely withheld her consent." The language of the opinion, the authorities cited to sustain it, and the nature of the instruction rejected, lead to the conclusion that it was the intention of the court to hold that it

was rape to have carnal intercourse with a female so young as not to be capable of giving consent. The girl, in that case, was eleven years of age.

We conclude, therefore, that the direction to the jury complained of in this case was not prejudicial to the defendant's rights. Conceding that the jury might have inferred that the girl gave an outward or apparent consent, it was for them to determine whether she was capable of consenting to the carnal act. *Dawson v. State, supra; Joiner v. State, 62 Ga., 60; O'Meara v. State, 17 Ohio St., supra; Moore v. State, Ib.* Being within age, the presumption was she could not, and there was no testimony to rebut it.

Let the judgment be affirmed.