## THE STATE v. JOHN GOLDSTON.

*Indictment — Form — Matter relating thereto — Assault with Intent to Commit Rape, &c. — The Code, § 1102.*

1. Every indictment should charge *all* the essential elements of the offence intended to be charged; and when the *intent* with which an act is committed is one of the essential elements of the offence, the word "*intent*" should be used in the indictment, though possibly some equivalent expression would suffice in its stead.

2. An indictment charging that the defendant did make an assault upon a female child under ten years of age, and did unlawfully *attempt* to carnally know her, &c., does not sufficiently charge an assault with intent to commit a rape, &c., under § 1102 of *The Code.*

3. But such indictment sufficiently charges, and the defendant could be convicted of, a simple assault.

4. An assault with intent to commit rape being a misdemeanor, in an indictment for the offence the defendant may be convicted on a single count of a simple assault; but it would be otherwise if the offence charged were a felony.

ASSAULT WITH INTENT TO COMMIT RAPE, tried before *Merrimon, J.,* at Spring Term, 1889, of the Superior Court of MOORE.

The indictment charges that the defendant, " with force and arms, at and in," &c., " on," &c., " in and upon one Mittie McKay, she being a female child under ten years of age, unlawfully and wilfully did make an *assault,* and did then and there unlawfully *attempt* to carnally know the said Mittie McKay, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State."

Upon the plea of not guilty to this indictment, on the trial, there was a verdict of guilty. The Court, on motion, arrested the judgment, upon the ground that the indictment was fatally defective, in that it failed to charge that the

defendant assaulted the child therein named " with intent feloniously to carnally know," &c. The Court further decided, that the defendant was by the verdict found guilty of that offence, and not of a simple assault, and that the indictment was not framed with a view to charge, nor did it charge, a simple assault, because it did not charge that force was used, or that there was an attempt to use it. The Solicitor insisted that it sufficiently charged an assault with intent to carnally know, &c. The case settled on appeal states that " there was no evidence that he (the defendant) used any violence," and that " that there was evidence tending to show that she (the child) consented."

The Solicitor for the State, having excepted, appealed from the order arresting the judgment to this Court.

*The Attorney General,* for the State.

*Mr. A. C. Gilbert* and *Mr. W. E. Murchison* (by brief), for the defendant.

MERRIMON, J. The statute (*The Code,* § 1101) prescribes that " every person who is convicted of ravishing and carnally knowing any female of the age of ten years or more, by force and against her will, or who is convicted of unlawfully and carnally knowing and abusing any female child under the age of ten years, shall suffer death." It is a settled construction of the latter clause of the statute, that to carnally know and abuse any female child under ten years of age, whether she consents to such carnal knowledge or not, is rape. *State* v. *Johnston,* 76 N. C., 209; *State* v. *Dancy,* 83 N. C., 608.

The same statute (*The Code,* § 1102) further prescribes that "every person convicted of an assault with intent to commit a rape upon the body of any female, shall be imprisoned in the penitentiary not less than five nor more than fifteen years." The defendant is indicted under this section of the statute, "for the assault with *intent*

to commit a rape." The indictment does not charge that offence sufficiently, because it fails to charge the *intent* with which the assault was made.   It is essential that such intent shall be charged—the offence is not complete without it— and the indictment is bad when it fails to charge all the essential elements of the offence intended to be charged. *State* v. *Moore*, 82 N. C., 659 ; *State* v. *Russell*, 91 N. C , 624.

The indictment seems to have been prepared hastily and incautiously.   It does not charge an " assault with intent," &c., but it charges that the defendant " did make an assault *and* did then and there unlawfully attempt," &c.—that is, did some act towards committing a rape; but the act is not the intent, though it may be evidence of it.   The intent is the fixed purpose of the mind in connection with the assault.   This the statute makes an essential element of the offence, and it—not the evidence of it—must be charged.   It is possible that some other word or expression would suffice as· a substitute for the word " intent," as employed in the statute, but it is an expressive, precise word, well understood and much used in statutes, and it is not at all safe for pleaders to omit it in all proper connections.   The charge should be, " with intent, feloniously," &c.   *State* v. *Martin*, 3 Dev., 329 ; *State* v. *Scott*, 72 N. C., 461; *State* v. *Jesse*, 2 D. & B., 297.

The Court, therefore, properly held that the indictment did *not* sufficiently charge an " assault with intent to commit rape."   But we are of the opinion that it erred in holding that it did not sufficiently charge a simple assault, and that the defendant could not, upon it, be convicted of that offence, if the evidence should satisfy the jury of the defendant's guilt.

It is charged that the defendant, " with force and arms, at," &c., " on," &c., " in and upon one Mittie McKay * * * did make an assault * * * against the peace and dignity of the State."   Thus an assault is charged.   The words of the indictment omitted may be treated—indeed, they are sur-

plusage, mere redundant matter—as serving no material purpose; nor do they materially, if at all, embarrass the defendant in making his defence in this action, nor could they in case of a subsequent prosecution for the same offence. The Court and the defendant can see that an assault is charged, and no other offence is charged sufficiently. The term *assault* in the connection as charged, *ex vi termini*, implies the offence without additional words explanatory of how the force was manifested or employed. 2 Bish. Cr. Pro., § 65; Whar. Prec., 114, and notes; *People* v. *Pettit,* 3 Johnst., 511; *State* v. *Buch,* 25 Vt., 373; *Bloomer* v. *The State,* 3 Sneed, 66; *State* v. *The Commonwealth,* 11 Seargt. & Rawl., 177.

What we have thus said rests upon the ground that a simple assault is charged. But if the indictment had sufficiently charged an assault with intent to commit a rape, the ·defendant might have been convicted of a simple assault, if the evidence would have warranted such conviction. The offence of assault with intent to commit a rape is but an aggravated misdemeanor, and if the evidence failed to warrant a conviction for that offence, the defendant might, in the same action, on the single count in the indictment, be convicted of the offence included in it—the simple assault. *State* v. *Upchurch,* 9 Ired., 454; *State* v. *Clark,* 7 Jones, 167; *State* v. *Durham,* 72 N. C., 447; *State* v. *Perkins,* 82 N. C., 681.

It would be otherwise, however, if the principal offence were a *felony,* embracing others of a less grade. *State* v. *Arrington,* 3 Murph., 571; *State* v. *Durham, supra; State* v. *Perkins, supra.* "The reason for the distinction seems to be, that an acquittal of a felony is no bar to another indictment for the same act charging it as a misdemeanor."

If, therefore, in the present case, there was evidence of an assault, the Court should have instructed the jury that they might find the defendant guilty of that offence.

The case settled states that there was no evidence that the defendant used any violence, and that there was evidence tending to prove that the child consented to what he did, whatever that was. What he did to or towards the child does not appear. The statement that there was no evidence that the defendant used violence, seems to imply that there was no evidence that he seized the person of the child. Still, there may have been evidence of an assault, and the fair inference is, that there was, as the jury rendered a verdict of guilty. And it may be that the jury did not believe the evidence tending to prove that the child so consented; moreover, there may have been evidence to the contrary; the case does not state that there was not. Indeed, it is apparent that the Court did not regard or view the evidence tending to prove a simple assault, nor did it deem it proper to submit it to the jury for that purpose. The clear opinion of the Court was, that defendant could not be convicted in this action for an assault.

There is, therefore, error. As the Court discovered, on hearing the motion to arrest the judgment, that the indictment failed to charge the more serious offence intended to be charged, if there was evidence produced on the trial from which the jury might have found defendant guilty of a simple assault—as it seems there was—it should have set the verdict aside and directed a new trial, to the end that the issue, whether the defendant was guilty of a simple assault or not, might be tried, and the case disposed of according to law.

To that end, the order arresting the judgment must be set aside, and likewise also the verdict of guilty, and a new trial directed and had.

Error.                                        New trial.