THE STATE v. GEORGE DUNN et al.

*Indictment—Assault—Resisting Officer—Quashing.*

1. It is not necessary that an indictment for resisting an officer should set out the process under which the officer was acting when resisted—it is sufficient if it charges the resistance to the officer while in the due execution of his office. In a proper case the Court would order a bill of particulars to better enable defendant to prepare his defence.

2. Where an indictment for resisting an officer is defective, as such it ought not to be quashed if the defendant may be convicted thereon for a simple assault.

CRIMINAL ACTION, tried at March Term, 1891, of RANDOLPH Superior Court, *Graves, J.,* presiding.

The prosecution was instituted under ch. 51, Laws 1889.

The bill of indictment is, in substance, as follows:

"The jurors present, etc., that George Dunn and his wife, Mrs. George Dunn * * * with force and arms * * * in and upon one J. A. Brady, then being one of the constables in the township of Brower in the county of Randolph and in the due execution of his said office, did make an assault; and him, the said J. A. Brady so being in the due execution of his said office, then and there wilfully and unlawfully did resist, delay, obstruct and hinder in discharging and attempting to discharge his duties as such constable, against the form of the statute, etc.

"And the jurors, etc., do further present * * * * that the above-named defendants, with force and arms and with deadly weapons, to-wit, with a wagon tire of the weight of five pounds, did unlawfully make an assault upon one J. A. Brady, against the form of the statute," etc.

There was a *nol. pros.* as to the second count, and after verdict of guilty upon the first, his Honor, upon motion of defendants, arrested the judgment, and the State appealed.

*The Attorney General,* for the State.
No counsel for defendant.

CLARK, J.: There was error in granting the motion in arrest of judgment. It is not necessary, either under our statute (Acts, 1889, ch. 51) nor at common law, that the indictment for resisting an officer should "set out the warrant so as to show the title of the cause and name of the party named therein under which the officer attempted to make the arrest," when he was resisted, obstructed, etc., by the defendant. 1 Wharton, C. L (9th Ed.), 650; *Bowers* v. *People,* 17 Ill., 373; *McQuaid* v. *People,* 3 Gilm., 76. Indeed, the indictment in this case seems to be a substantial copy of the form in 1 Arch. Cr. Pr., 941. It is sufficient to charge the assault as made upon the officer, etc., he being "in the due execution of his said office," and that thereby the defendant did wilfully and unlawfully resist, hinder and obstruct said officer in the discharge of his duties as such. *Com.* v. *Kirby,* 2 Cush., 577. If there had been any technical reason that the warrant should name the title of the writ and the person to be arrested thereunder, when the officer was assaulted and resisted by the defendant, this was cured by the verdict. It was too late to object on that ground, after the merits had been passed on by a jury. But as we have seen, these details were matters of evidence, and need not be charged in the indictment. Had the defendant desired (as it seems he did not) this additional information to enable him to make a better defence, he should have moved the Court before going into the trial for a bill of particulars. *State* v. *Brady,* 107 N. C., 822.

Besides, the indictment was unquestionably good for the simple assault (*State* v. *Goldston,* 103 N. C., 323), and if any offence was charged, though not the one intended, it was error to quash or arrest the judgment. *State* v. *Evans,* 27 N. C., 603. If the indictment had been defective, except as a charge of a simple assault, the jurisdiction of the Court might have been

ousted by showing that the offence took place within twelve months before indictment found, but the judgment could not be arrested on that ground, as the date alleged is not traversable, and the jurisdiction is in the Superior Court, unless it is shown in proof that the requisite time had not elapsed. *State* v. *Taylor*, 83 N. C., 601.

The judgment in arrest must be set aside and the case remanded, that judgment may be pronounced upon the verdict.

Error.