## STATE v. WILLIAM PICKETT.

*Indictment; Trivial Defects in—Bill of Particulars—
Resisting an Officer, Indictment for.*

1. A bill of indictment for resisting an officer, which describes the officer as "a duly constituted officer of the police of the town of Rockingham," and also that he was "discharging a duty of his office," is good.

2. Where the bill charged that the officer resisted was a *police* officer in the due execution of his office, and the proof was that the officer was the *chief marshal* of the town, and the town ordinance authorized the *constable* to make arrests, the variance was immaterial.

3. However it may have been in the past, no indictment will now be quashed or judgment arrested for trivial defects. If the offence charged is not set out as clearly as defendant wishes it to be, he has the right to a bill of particulars if demanded in apt time.

INDICTMENT for resisting an officer, tried before *Robinson*, *J.*, at the December Term, 1895, of the Superior Court of RICHMOND County.

Before pleading, the defendant moved to quash the bill of indictment for the reason that it failed to allege the office W. L. Covington (the officer alleged to have been resisted) held.

The indictment was as follows :

"The jurors for the State upon their oath present that William Pickett, late of the County of Richmond, on the 2d day of March, in the year of our Lord one thousand eight hundred and ninety-five, with force and arms, at and in the county aforesaid, willfully and unlawfully did resist, delay and obstruct W. L. Covington, a duly constituted public officer of the police for the town of Rockingham, in discharging and attempting to discharge a duty of his

office, contrary to the form of the statute in such cases, made and provided, and against the peace and dignity of the State."

And for the further reason that the office alleged was not a public office.

Motion overruled and defendant excepted.

The other facts appear in the opinion.

*The Attorney General* and *Mr. Cameron Morrison*, for the State.

*Messrs. McRae & Day*, for defendant (appellant).

MONTGOMERY, J.: The motion to quash the bill of .ndictment was based on its alleged failure to describe the office which Covington held at the time the offence was charged to have been committed. The language of the indictment is that Covington was "a duly constituted officer of the police for the town of Rockingham," and that the defendant unlawfully did resist, delay and obstruct him in discharging and attempting to discharge the duties of his office. The motion was properly overruled. The office is sufficiently designated when the officer is described as "a duly constituted public officer of the police for the town of Rockingham." The general duties of a policeman are well known, and in an indictment which charges resistance to such an officer it is not necessary to set out the writ or the process under which the officer was acting when resistance to his authority was made. It is sufficient to charge that the officer was in the "due execution of his office." On the trial the records of the town were introduced to prove that Covington was a police officer. They showed that he had been elected chief marshal of the town. The Act of 1887 (charter of the town of Rockingham) was also read in evidence. The charter authorized

the town commissioners to elect a town constable. Covington was introduced as a witness for the State and testified that after his election he had been acting as chief marshal or chief constable of the town for many months, and that in March, 1895, while in the execution of the duties of his office, he arrested the defendant, who was in the act of assaulting and beating a man, when the defendant resisted, delayed and obstructed him in making the arrest. An ordinance of the town was also read, showing the authority of the constable to make such arrests. After the testimony was in, the defendant insisted that there was a variance between the proof and the allegations in the bill, and requested the court to instruct the jury to render a verdict of " not guilty " on that account, which the court refused to do. We are of opinion that the variance was immaterial, and that the court committed no error in refusing to charge as requested. It was argued here that the offence laid in the indictment was not set out with sufficient particularity, and that on that account no judgment could be pronounced upon a conviction under it ; and many respectable authorities from other states, where there are no statutory provisions like those in our State curing defects in indictments, were produced to sustain the position. However this may have been before the decisions of this Court in *State* v. *Brady*, 107 N. C., 822, and *State* v. *Dunn*, 109 N. C., 839, these cases settle the matter against the defendant. If the offence charged in the bill, in cases like this, was not set out as clearly as the defendant desired it to be, he had it in his power, before going into the trial, to move for a bill of particulars. The details were mere matters of evidence. *State* v. *Dunn, supra.*

No Error.