CLARK, C. J., dissenting, arguendo.
The court instructed the jury that, if they believed (571) the evidence, they would return a verdict of guilty. To this instruction the defendant excepted, and we think the exception is well taken. Section 535 of the Revisal provides that "No judge, in giving a *Page 414 
charge to the petit jury, either in a civil or a criminal action, shall give an opinion whether a fact is fully or sufficiently proven, such matter being the true office and province of the jury; but he shall state in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon." This section of the Revisal has been on the statute books of this State since the year 1796 (Code, sec. 413), and has often been construed by this Court in relation to just such a charge as was given in this case. In S. v. Matthews, 78 N.C. 537,Rodman, J., speaking of the duty of a judge in charging the jury in a criminal case, says: "We think he is required, in the interest of human life and liberty, to state clearly and distinctly the particular issues arising on the evidence, and on which the jury are to pass, and to instruct them as to the law applicable to every state of the facts which, upon the evidence, they may reasonably find to be the true one. To do otherwise is to fail to declare and explain the law arising on the evidence, as by the act of Assembly he is required to do." In S. v. Mooney, 61 N.C. 435,Judge Reade says: "His Honor's charge, `that in any view of the case the defendant was guilty,' is so broad as to entitle the defendant to a new trial, if there is any view consistent with his innocence." JudgeHenderson says, in Bank v. Pugh, 8 N.C. at page 206: "The jury are the constitutional judges, not only of the truth of the testimony, but of the conclusions of fact resulting therefrom." In considering a charge similar to that given in this case, Mr. Justice Walker well says: "The evidence may, in the opinion of the court, have been ever so strong against the defendant, yet it was for the jury to find the ultimate fact of guilt, without any suggestion from the court, direct or indirect, (572) as to what the finding should be. The presumption of innocence and the doctrine of reasonable doubt require that method be pursued, and it is clearly enjoined by the statute we have cited (Code, sec. 413), the restraining words of which define clearly the respective functions, of court and jury in the trial of causes." S. v.Simmons, 143 N.C. at page 619.
The expression, "if the jury believe the evidence," has been often condemned by this Court, and we have repeatedly held that the proper way to instruct the jury is that, if they find from the evidence a certain fact or facts to be true, then the defendant is guilty, or not guilty, as the case may be. Sossaman v. Cruse 133 N.C. 470; Wilkie v. R. R., 127 N.C. 203;S. v. Barrett, 123 N.C. 753. In S. v. Green, 134 N.C. 658, the court instructed the jury that, if they believed the evidence, they should convict the defendant. A new trial was granted for error in this charge, and Judge Connor says: "Section 413 of The Code prescribes the duty of the judge in charging the jury: `He shall state in a plain and correct manner the evidence given in the case, and *Page 415 
declare and explain the law arising thereon.' We feel sure that the error of the learned and careful judge who tried this case was an inadvertence. The testimony strongly tended to show the defendant's guilt, and doubtless so impressed his Honor. In the administration of the criminal law it is wise to observe the `landmarks' and preserve the well-defined rights and duties of the court and jury."
The evidence in the case before us is indefinite and uncertain, and the facts to be found therefrom and the inferences to be drawn were matters peculiarly within the province of the jury. If there was any phase of the evidence from which the jury might infer that the defendant was not guilty, the defendant was entitled to go to the jury on it. S. v. Lilly,116 N.C. 1050.
New trial.