It appeared that, at a former term of the court, the judge having ordered a bill of particulars, the same were furnished at April Term, 1907, as follows:
"The State files a bill of particulars herein as follows:
"1. The train was running north.
"2. The day on which the same was run was a Sunday between the 1st of May and the latter part of July, the exact date the State is unable to state."
The Solicitor stated that the above bill of particulars was all that he was able to furnish, and the same was accepted by the court as full compliance with the order of the court.
After this was done, to wit, at August Term, 1907, the cause was tried and defendant was convicted and sentenced, and on appeal a new trial was ordered for error in the charge of the court. The case was reported in 145 N.C. 570. This opinion having been certified down, and cause called for trial at April Term, 1908, defendant moved to quash the bill of indictment, for that the order for bill of particulars had not been complied with. Motion was denied, and defendant (510) excepted.
Defendant further contended that there was a fatal variance between the allegation and the proof, the charge assigning the date to have been 20 January, 1907, and the proof tending to fix the occurrence in July previous, and, on that account, moved to "dismiss the action," and further requested the court to instruct the jury that, on account of the variance claimed, they would render a verdict of not guilty. This was refused, and defendant excepted. Verdict of guilty, judgment, and defendant excepted and appealed.
After stating the case: The indictment is sufficient in form, and, time not being material, the variance claimed was not of the substance, and the prayer of the defendant that a verdict of not guilty should be thereupon directed, was properly overruled. S. v. Pickett, 118 N.C. 1231; S. v.Williams, 117 N.C. 753; S. v. Jones, 80 N.C. 415. Nor was there error in denying the motion to quash the bill of indictment for noncompliance with the order requiring a bill of particulars. The bill as rendered was accepted by the court as sufficient compliance with the order, and the authorities are to the effect, that both the original order and the question of a proper compliance with the same are matters which rest in the discretion of the court. As to the original order, our statute places the matter in the discretion of the trial court in express *Page 373 
terms. This statute, Revisal, 1905, sec. 3244, which is a very correct embodiment of the general law on the subject of these bills, provides as follows:
"In all indictments when further information not required to be set out therein is desirable for the better defense of the accused, the court, upon motion, may, in its discretion, require the solicitor to furnish a bill of particulars of such matters."
And the decisions hold that the question of sufficient compliance (511) with the order is likewise properly made to rest in the Court's discretion. Abbott's Trial Briefs Criminal Causes, 48, citing S. v. Bacon,41 Vt. 526; S. v. Hill, 13 R. I., 314. And, while the Court is inclined to the opinion that the term "discretion," as used and contemplated in the statute, and in these decisions, should be construed to mean the sound legal discretion of the trial court, it is well understood that the action of the lower court will not be reviewed or disturbed on appeal, unless there has been manifest abuse in this respect to defendant's prejudice (S. v. Dewey, 139 N.C. 556), and we are clearly of opinion that, in the present case, no such abuse has been shown. Furthermore, the order of the lower court should not in any event be disturbed in this instance, for the whole object of a bill of particulars is to enable the defendant to properly prepare his defense in cases where the bill of indictment, though correct in form and sufficient to apprise the defendant, in general terms, of the "accusation" against him, is yet so indefinite in its statements, as to the particular charge or occurrence referred to, that it does not afford defendant a fair opportunity to procure his witnesses or prepare his defense. And, in this case, it appears that there has heretofore been a trial of the cause, when the witnesses were examined and the particular occasion was spoken to in open court, by the State's witnesses; and defendant was, therefore, fully informed, not only of the particular occurrence imputed to him for a crime, but was possessed of the entire case of the prosecution, as developed in the former trial, and a further bill of particulars, which is the usual course when the one offered is insufficient, could have given defendant no further information than he already had. See S. v. Howard, 129 N.C. 584, in which it was held as follows:
"2. Where, on motion of the defendant, the solicitor is ordered after the evidence is in to elect, thereupon nol. prosses. several counts, which gave as full information as a bill of particulars, the defendant (512) cannot complain of the refusal of the court to order a bill of particulars."
As there seems to have been some misapprehension as to the true purport of the decision made in the former appeal in this cause, reported in S. v.R. R., 145 N.C. 570, we deem it not amiss to say that, neither in *Page 374 
that case, nor any other, has this Court ever held that, when there was no conflict in the testimony, and if believed, no inference permissible therefrom but that of guilt, it would constitute reversible error for a trial judge to charge the jury, "If they believed the evidence they would render a verdict of guilty." A judge, writing the opinion, has, in several instances, said that it was better form to express the charge, "If you find the facts to be as testified," etc., S. v. Barrett, 123 N.C. 753; S. v.Hill, 141 N.C. 769; S. v. Simmons, 143 N.C. 613, but, under the circumstances indicated, this distinction has never been held reversible error.
The ruling made on the former appeal in this case, and sustained in the forcible opinion of Associate Justice Brown was, that when there was conflict in the evidence on any essential feature of the charge, or when, though there was no such conflict, more than one inference of fact was permissible, and any one of these consistent with defendant's innocence, the question of his guilt or innocence was for the jury and not for the court. This is by no means a trivial or technical distinction, but goes to the integrity and very existence of the right of a citizen to a trial by jury. If, on the testimony, there is an inference of defendant's innocence permissible, and a judge is allowed to charge the jury, "If they believe the evidence they will find defendant guilty," this is condemnation by the judge, and the right of trial by jury, so justly valued as the ultimate protection of freemen under the forms of law, is usurped by the judge, and the constitutional rights of the defendant are denied him.
(513) "No person shall be convicted of crime, but by the unanimous verdict of a jury of good and lawful men in open court," is the language of our Bill of Rights; and if there is an inference of guilt and one of innocence arising on the evidence, the jury must determine which inference shall be established. As said by Henderson, J., in Bank v.Pugh, 8 N.C. 206: "The jury are the constitutional judges, not only of the truth of the testimony, but of the conclusions of fact resulting therefrom." See S. v. R. R., infra.
In the present trial, the principle declared in the former appeal has been properly applied by the trial court, and, there being no error in the record, the judgment against defendant is affirmed.
No error.
Cited: S. v. Starnes, 151 N.C. 725; Hollowell v. R. R., 153 N.C. 21;S. v. Denton, 154 N.C. 648; Park v. Exum, 156 N.C. 231; Holt v.Wellons, 163 N.C. 131; S. v. Wilkerson, 164 N.C. 449; S. v. Craft,168 N.C. 212; S. v. Blauntia, 170 N.C. 750; S. v. Gulledge, 173 N.C. 747. *Page 375