STATE OF NORTH CAROLINA v. WILLIAM SALVATORE MOORE

No. 7410SC361

(Filed 7 August 1974)

**Indictment and Warrant § 13— failure of solicitor to furnish bill of particulars — waiver of objection**

The solicitor failed to comply with an order that defense counsel be furnished with a bill of particulars setting forth the State's physical evidence, the names, addresses and any signed statements of the State's witnesses, and police reports concerning the case, where the solicitor merely made available to defense counsel police records containing the information required by the order; however, defendant waived objection to the solicitor's failure to furnish the bill of particulars as ordered by failing to make such objection before the jury was impaneled.

ON *certiorari* to review an order entered by *McKinnon, Judge,* 23 August 1973 Session of WAKE County Superior Court.

The defendant was charged in eight bills of indictment with store breaking, larceny, safecracking, and possession of controlled substances. A plea of not guilty was entered as to each count. The jury returned a verdict of not guilty of safe-cracking, and guilty as charged as to the remaining offenses. From active sentences pronounced thereon totaling seventeen to twenty years, the defendant gave notice of appeal.

On 29 June 1973, the attorney for the defendant filed affi-davits in each of the cases petitioning the court to order the solicitor to furnish a bill of particulars. A copy of each affidavit was served on the solicitor. On the same date Judge Hobgood entered an order in each case requiring the solicitor to furnish counsel for the defendant on or before 13 July 1973, a bill of particulars setting forth what physical evidence the State possessed in each case, the names and addresses of all witnesses whom the State intended to use and any signed statements of the witnesses, and a copy of any police reports concerning this case. The solicitor did not furnish the bill of particulars as ordered by the court.

The defendant was duly arraigned and entered a plea of not guilty as to each offense. The jury was selected and im-paneled. Thereupon the defendant made a motion to dismiss all charges against him on the grounds that the bills of particulars were not furnished as ordered by Judge Hobgood. The solicitor responded by informing the court that the police records had been made available to the defendant's attorney on several occa-sions and that the records contained all of the information requested by the defendant. The trial court overruled the defend-ant's motion to dismiss and proceeded with the trial over de-fendant's objection. Defendant subsequently objected to the introduction of any evidence which was not contained in the bill of particulars, which, of course, included all evidence since no bill of particulars had been furnished.

*Attorney General Robert Morgan by Parks H. Icenhour, Assistant Attorney General, for the State.*

*John C. Brooks for the defendant-appellant.*

CARSON, Judge.

A motion for a bill of particulars is addressed to the sound discretion of the trial court. *State v. Overman,* 269 N.C. 453, 153 S.E. 2d 44 (1967) ; *State v. Westry,* 15 N.C. App. 1, 189 S.E. 2d 618 (1972). The court having ruled that the bill of particulars must be furnished, the solicitor was under a duty to abide by the court order to the same extent that anyone else would have been. His attempt to circumvent the order by allowing the defense attorney to read the police files is not an approved practice. Statements of the solicitor and defense counsel show that the police file was more than thirty pages in length and covered numerous crimes and defendants, some of which were connected with this defendant and some of which were not. There is also a conflict as to whether or not the defendant was surprised at the trial by the production of witnesses whose names were not included in the police report. However, it was not made a part of the record and is, therefore, not before us. The solicitor failed to perform his duties by failing to follow the order of Judge Hobgood to provide the bill of particulars.

This does not, however, require the charges against the defendant to be dismissed at this stage. Had the defendant made his objecton known to the trial court before entering a plea and before the impaneling of the jury, undoubtedly the trial court would have granted the defendant a continuance in order that the information may have been obtained. Had the solicitor persisted in refusing to provide the information as ordered by the court, various remedies were available to the defendant, including dismissal of the charges. However, the defendant should not be allowed to acquiesce in the actions of the solicitor by reading the police reports and doing nothing further until such time as jeopardy has attached. It would indeed be a mockery of justice if all the charges against the defendant were dismissed as a result of a trap set by his attorney. The defendant, upon reviewing the police reports proffered by the solicitor, should have objected immediately to such reports as being insufficient compliance with Judge Hobgood's order for a bill of particulars. Such objection could have been made before jeopardy attached and would have been addressed to the discretion of the trial judge. *State v. R. R.,* 149 N.C. 508, 62 S.E. 1088 (1908). Defendant had ample opportunity before jeopardy attached to object to the solicitor's submission of the police reports as compliance with the order. He did not avail himself of that

opportunity, and we hold, therefore, that he waived his right to object to the failure of the solicitor to furnish the bill of particulars as ordered.

No error.

Judges BRITT and HEDRICK concur.