### STATE v. SAM MARKS and GEORGE FARMER.

(Filed 19 November, 1919.)

**Criminal Law—Assault upon a Woman—Consent—Kidnapping—Evidence—Statutes.**

Where a man, over eighteen years of age, takes a woman, also over eighteen years of age, in an automobile, away from the home of her relatives, without their knowledge, and in whose care she was living, and knowing that the girl was an imbecile and had not sufficient mind to protect herself, had carnal knowledge of her, it is sufficient for conviction of an assault upon a woman, irrespective of the question of her consent. *Semble*, this would be sufficient for conviction of kidnapping under Rev., 3634, or of a greater offense.

APPEAL by defendants from *Bond, J.,* at August Term, 1919, of HALIFAX.

The defendants were indicted under Rev., 3634, on a charge for kidnapping one Annie Smith, and were convicted of an assault upon a woman. They were sentenced to jail for a period of 15 months and 10 months, respectively, with authority to the county commissioners to work them upon the county roads, and appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*C. C. Peebles and George C. Green for defendants.*

CLARK, C. J.   It appears from the State's evidence that Annie Smith, the girl alleged to have been kidnapped, is something over 25 years of age, and so mentally deficient as to be commonly called an idiot.   Her parents were dead, and she lived with two unmarried uncles, near Roanoke Rapids.   About 30 July, 1919, the defendants, in an automobile, came to the Smith house ostensibly to get cider, and carried her off about 12 o'clock, and brought her back about 4 p. m.   The defendant Marks was over 18 years of age, and married, and Farmer was 38 years of age.

There was evidence that while they were in the car one of the men was seen to have his arm around the girl; that Marks and the girl got out of the car and went into a thick piece of woods and stayed awhile; that Farmer was seen lying on the back seat of the car with his head in the girl's lap, and when they came back Farmer jumped out of the car and ran, and one of the uncles met Marks at the door and beat him with his gun.   The court charged the jury correctly in the language of the statute as to what constituted kidnapping, and stated the contentions of the State and the defendants.   He charged the jury: "If these men went to the house, knowing the girl had not sufficient mind to protect herself, with the intention to decoy her away from home, to take her off in the woods, and improperly treat her, that in itself would be such a fraud upon her as would make it immaterial whether she consented to go out or not," and would constitute such a fraud as would meet the requirements of the law as to the crime of kidnapping.

The court charged fully upon the crime of kidnapping, and then added: "If the jury find beyond a reasonable doubt that either defendant, knowing the girl to be an idiot, took her away from home, not with a fraudulent intent, but to deprive her natural protectors of her custody and to keep and to restrain her at a place where they could not get her, they could find the defendant guilty of assault upon a woman, he being at the time more than 18 years of age.   If either of the defendants did not carry her away and did not aid, abet, or assist the other in carrying her away, the one so taking no part in the matter would not be guilty of anything."   The jury found both defendants guilty of an assault upon a woman.

The evidence was amply sufficient to carry the case to the jury.   "To constitute the offense of kidnapping, it is not necessary that actual physical force should have been employed.   It is essential only that the taking or detention should be against the will of the persons kidnapped.   .   .   . In determining whether the person was coerced by fraud and inveigle-

ment, the nature of the artifice employed and the age and education and *condition of mind* must be taken into consideration. The offense is not committed if the person taken away or detained, being capable in law of consenting, goes voluntarily without objection in the absence of fraud and deception, but a child of tender years is regarded as incapable of consenting." 24 Cyc., 798, 799.

Rev., 3358, punishing abduction of children, is very similar to the statute in this case, and has been construed in *S. v. George,* 93 N. C., 567; *S. v. Chisenhall,* 106 N. C., 676; *S. v. Burnett,* 142 N. C., 577. In *S. v. Chisenhall,* in which the facts are somewhat similar to those in this case, *Shepherd, J.,* says: "It is clear that the consent of the child, obtained by means of persuasion, is no defense, since the result of such persuasion is just as great an evil as if it had been accomplished by other means." The same principle applies where the person abducted has not sufficient mental capacity to give consent.

It is not necessary to discuss the other exceptions, though we have considered them. There was no evidence offered by the defendants, and nothing appears in the State's evidence to account for the defendants taking an idiotic young woman from her home (who could not consent), and keeping her away in the car and in the woods for four hours. It is by no means certain that the jury might not have convicted of the more heinous crime of kidnapping. There was evidence, at least, which might have justified conviction of a still greater offense. *S. v. Warren,* Ann. Cas., 1912 B, p. 1043, and note on page 149. The jury, however, took the more lenient view of the evidence and convicted them of the lesser crime of assault upon a woman. This was authorized by Rev., 3268; *S. v. Smith,* 157 N. C., 578; *S. v. Barnes,* 122 N. C., 1031; *S. v. Goldston,* 103 N. C., 323.

The consent of an idiot could place the defendant in no better position than if the act had been done against her will. "Consent by insane persons and young children incapable of assenting is no bar. In cases of rape this has been frequently adjudicated, and the same reasoning holds good in cases of larceny." 1 Wharton Cr. Law (11 ed., p. 227); 5 Corpus Juris, 743.

No error.