STATE v. GEORGE SMITH, BENJAMIN TUDOR, ALIAS DICK TUDOR, AND JEWEL GRAY.

(Filed 29 April, 1936.)

1. **Kidnaping A a—Evidence disclosing that witness voluntarily went with defendants held insufficient to support charge of kidnaping.**

    The State's evidence tended to show that two of defendants accosted the State's witness at a dance hall and expressed a desire to talk with him, that the witness voluntarily accompanied them, and got in the car with all three defendants and was driven to a spot where he was accused of having taken a pistol belonging to one of defendants, and that upon his denial he was assaulted by two of defendants and thereafter put back in the car and returned to the dance hall, there being no evidence that the purpose of defendants was other than to question him about the pistol and to assault him upon his denial, *is held* insufficient to support a charge of kidnaping, it appearing that neither force nor fraud was exerted to compel the witness to accompany defendants.

**2. Conspiracy B b—**

Evidence *held* sufficient to be submitted to the jury on question of guilt of two of defendants on charge of unlawful conspiracy to assault the State's witness.

**3. Assault B c—**

Evidence *held* sufficient to be submitted to the jury on question of guilt of one of defendants on charge of simple assault.

APPEAL from *Parker, J.,* at January Term, 1936, of HALIFAX.

Defendants Smith, Tudor, and Gray were indicted for kidnaping one Frank Mitchell, and also for unlawful conspiracy to assault and beat said Mitchell.

At the close of the State's evidence, and again at the close of all the evidence, the defendants moved for judgment of nonsuit and excepted to the refusal to grant said motion.

There was verdict of guilty as to the three defendants on the charge of kidnaping, verdict of guilty as to defendants Smith and Tudor on charge of conspiracy, and verdict of guilty of simple assault as to defendant Gray.

From judgment on the verdicts defendants appealed.

*Attorney-General Seawell and Assistant Attorneys-General McMullan and Bruton for the State.*

*J. Winfield Crew, Jr., and Geo. C. Green for defendants Smith and Tudor.*

*Gholson & Gholson and Cromwell Daniel for defendant Gray.*

DEVIN, J. An examination of the evidence in this case leads us to the conclusion that the defendants' motion for judgment of nonsuit on the charge of kidnaping should have been allowed.

It appears that defendants suspected the State's witness Mitchell of having taken a pistol belonging to Tudor, who is his wife's first cousin. Defendants Smith and Tudor accosted him at a dance hall in Roanoke Rapids, North Carolina, and expressed the desire to talk with him. He testified that he went across street with Tudor of his own free will. though Tudor held his arm, and that he got in an automobile with Smith, Tudor, and two women; that he was then driven across the river a short distance to a secluded place, and there charged with taking the pistol. Upon his denial, Smith struck him on the ear with his fist, and he ran. He testified he was pursued, overtaken, and struck again in the back, and was put back in the automobile by Smith and Tudor and finally brought back to the dance hall, where he got out. It did not appear that either force or fraud was exerted to compel Mitchell to enter the automobile with defendants, nor that they had any other purpose

McNAIR v. KILMER & Co.

than to question him about the pistol, and upon his denial to beat him. No weapons of any kind were used, and no serious injury was done him.

The evidence falls short of the definition of kidnaping given in *S. v. Harrison,* 145 N. C., 408, and *S. v. Marks,* 178 N. C., 730.

There was, however, evidence sufficient to warrant the verdict and judgment against defendants Smith and Tudor on charges of unlawful conspiracy to assault the witness Mitchell, and to sustain the conviction of Gray for simple assault.

The conviction and judgment as to defendants Smith and Tudor on charges of conspiracy and the conviction and judgment as to defendant Gray on charge of simple assault are affirmed.

The judgment and sentences as to the other defendants on charge of kidnapping must be stricken out in accordance with this opinion.

Modified and affirmed.