DAVIS *v.* STATE.

(*Nashville*, December Term, 1947.)

Opinion filed February 28, 1948.

JACK NORMAN and M. S. Ross, both of Nashville, for plaintiff in error.

J. MALCOLM SHULL, Asst. Atty. Gen., for the State.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The defendant was convicted on a charge of assault and battery upon the person of Barbara Jean Wood, age nine with the intent to unlawfully carnally know her, and

his punishment fixed at twenty-one years in the penitentiary.

After the *corpus delicti* had been established by the testimony of Barbara Jean Wood and her father and mother, the defendant's confession was read in evidence. Defendant testified in his own behalf and admitted the truth of the statements contained in his confession.

The proof shows that the defendant was building a house some three or four doors from the home of Barbara Jean Wood. This little girl and other children were accustomed to going around the house where the defendant was working. About ten days before July 7, 1946, the defendant had her upstairs in the house and he placed his hands on her privates and "fingered" her.

In the defendant's confession he stated that several days later he asked Barbara if "she wanted to do something," and asked her to get up on some lathes that were piled up about three feet high; that he asked her if she wanted to take her legs out of one side of her pants, and she did; that she laid down on the lathes with her legs hanging over the edge of the lathes; that he then took out his private organ, after opening his trousers, and placed his organ against her; that he did not place the organ in her, but only up against her; that he went through the form motions of intercourse, but did not have a discharge; that he heard a little boy and Barbara's sister come up to the building, so he quit the intercourse or rubbing against her private parts; that on one other occasion he had a similar relation with the little girl, and this was four, five or six days before the incident detailed above; that on this occasion he only rubbed his organ against her private parts and did not have a discharge; that he was satisfied that when he was pushing about the private organ of Barbara he was not pushing hard enough to tear

the skin; and that he told her not to tell her mother and father.

The above also appears from the testimony of the little girl, and after the last occasion, she went home and told her mother and father what had happened.

Mr. Wood went to see a constable in Davidson County, who operates a private detective agency, and told him what had happened. Defendant was afterwards placed in custody and made a confession to the officers.

The little girl was examined by a physician. He found the hymen intact and no evidence of bruising, but the mucous membrane was fiery red. This caused him to suspect an infection, with the result that he made two separate tests, both of which were negative. At someone's suggestion, a doctor on the staff of the County Health Department examined the defendant and found him to be free of social diseases.

The only question of fact is whether the defendant endeavored to penetrate the little girl. It appears that the defendant placed his penis between her legs and hurt her, pushed and tried to get it in her.

Section 10785 of Williams' Code provides: "Any person who shall commit an assault and battery upon a female under the age of twelve years, with the intent to unlawfully carnally know her, shall on conviction be punished as in case of rape."

In the annotation in 81 A. L. R. 599, 601, it is said: "The rule in most jurisdictions of the United States is that one who commits an overt act on the person of a female under the age of consent which would amount to an assault with intent to ravish or rape is guilty of such offense although the female actually consents to what is done, since the consent of such a female is void as to

the assault as well as to the offense intended to be committed.''

In *People* v. *Verdegreen*, 106 Cal. 211, 39 P. 607, 608, 609, 46 Am. St. Rep. 234, it is said: ''It is the insidious approach and vile tampering with their persons that primarily undermines the virtue of young girls, and eventually destroys it; and the prevention of this, as much as the principle act, must undoubtedly have been the intent of the legislature. The incapacity extends to the act and all its incidents.''

In *State* v. *West*, 39 Minn. 321, 40 N. W. 249, it was held that where, by statute, a female under the age of ten years was incapable of consenting to carnal intercourse, any act in the way of indecent liberties taken with her person, which, in the case of a female over the age of ten years, would constitute an assault because done without her consent, would, in the case of a female under ten years of age, be an assault although done with her consent, because she would be deemed incapable of consenting.

In *Alexander* v. *State*, 58 Tex. Cr. R. 621, 127 S. W. 189, it was held that where an assault is committed upon a child under the age of fifteen years, to prove that the defendant laid violent hands upon the child and made all necessary preparations to have intercourse with her, would make out a case.

The defendant relies upon the assertion that he was not in a position to penetrate this little girl. In *Commonwealth* v. *Shaw*, 134 Mass. 221, where the child, when thrown on the floor by the defendant fell on her hands and knees, it was held that the fact the child was placed in such a position that penetration was impossible was no defense to a charge of assault with intent to carnally know her.

In this case the jury had an opportunity to hear the witnesses testify and observe their demeanor on the stand. Having done so, the jury accepted the theory of the State and discarded that of the defendant. We have no disposition to set aside the verdict of the jury. The evidence does not preponderate in favor of the innocence of the defendant.

The assignments of error are all overruled and the judgment of the lower court is affirmed.

All concur.