HERBERT A. JONES

*v.*

STATE OF TENNESSEE

(*Knoxville,* September Term, 1955)

Opinion filed July 20, 1956.

430

DIETZEN, GRAHAM, DIETZEN & BROCK, Chattanooga, for plaintiff in error.

KNOX BIGHAM, Assistant Attorney General, for the State.

MR. JUSTICE BURNETT delivered the opinion of the Court.

Jones was indicted and charged with the offense of rape. He was convicted of an attempt to commit a felony and his punishment was fixed at not more than two years' confinement in the penitentiary. T.C.A. Sec. 39-603. After the hearing on motion for new trial, the trial court fixed his confinement to the workhouse rather than the penitentiary. He has seasonably perfected his ap-

peal, briefs have been filed and able arguments heard. We now have the matter for determination.

This appeal presents the single question that one cannot be convicted of an attempt when he has completed the act. This being the only question raised a very brief statement of the facts will suffice. According to the testimony of the injured female the plaintiff in error completed the offense charged by the use of force, coercion and threats. According to his testimony the act was committed, but with her consent and cooperation.

The argument is made on behalf of the plaintiff in error that the verdict is void because under all the evidence the case shows that the man was either guilty of rape or nothing. To the contrary the State contends that the verdict is justified under T.C.A. Sec. 40-2520 which is as follows:

"Conviction of lesser offense.—Upon an indictment for any offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment and guilty of any degree inferior thereto, or of an attempt to commit the offense; and the defendant may also be found guilty of any offense the commission of which is necessarily included in that with which he is charged, whether it be a felony or misdemeanor."

In a very recent case this Court applied this Section of the Code and made many pertinent observations as to its applicability under a related situation to that here but not the same. See *Rushing v. State,* 196 Tenn. 515, 268 S.W. 2d 563. In this case the man was convicted of an assault rather than an attempt when he had, according to her testimony, committed the act of rape forcibly and against her will. Some years before the Rushing

case this Court in *Grindstaff v. State,* 172 Tenn. 77, 110 S.W.2d 309, likewise applied this Section of the Code and made some very pertinent observations as to its applicability. Both of these cases and the observation of the Court in reference to the applicability of this Code Section are in a sense pertinent here though neither of them is exactly in point.

As said above the position of the plaintiff in error is that since the crime has been committed, admittedly so by all parties, that one cannot be convicted of an attempt. An attempt is defined and from this definition the plaintiff in error reasonably and logically draws the conclusion that when there has been a consummation there cannot be an attempt. Several cases are cited which support the plaintiff in error in this position, among the others is the case of *People v. Lardner,* 300 Ill. 264, 133 N.E. 375, 19 A.L.R. 721. We have read part of these cases but in none of the cases does the State there, as far as we can find, have the statute or a similar statute to that here applied, T.C.A. Sec. 40-2520. At least in the cases such a Code Section was not applied.

Under the common law a conviction as that here had could not be had but in modern times many States have adopted such a statute. Now when an act of the kind here charged in the indictment of rape was attempted to be forced then a conviction for an attempted felony may be had even though the female later consented and there was a full consummation of the act. In Vol. 1 of Wharton's Criminal Law, Sec. 227, it is said:

"Where the attempt is resisted at first, but the consummation of the crime is assented to, the offender may be indicted for the attempt. In rape and robbery we can conceive of cases of this class."

■ Under this section we find an old case from Vermont which absolutely sustains the position of the State herein. The case is *State v. Hartigan*, 32 Vt. 607, 78 Am.Dec. 609. In that case the Court among other things said that the evidence showed that the woman in the first instance was being forced but later consented and sexual intercourse was had. On this the Court charged the jury that:

"they might find him guilty under the second count, although they might find that the sexual connection then had by him with her, which followed, was with her consent."

The Court in discussing the assignment of error made on this charge said:

"But it is claimed that the subsequent yielding and consent of the woman to the sexual intercourse which followed has relation back to and covers the preceding acts; or, stated in equivalent words, that the ultimate consent of the woman should have a retroactive effect by relation, and operate as a condonation of a crime which had become complete. The rules of criminal law are not founded upon legal fictions, and the doctrine of relation, however useful it may be as a rule defining or regulating private rights in a civil suit, has no application in criminal proceedings. On this point, the rule, as stated in 3 Greenl.Ev., sec. 211, is that if the woman was first violated and afterwards forgave the ravisher and consented to the act, still the particular offense in question being committed by force and against her will at the time of its commission, the crime is in legal estimation completed; these circumstances being only admissible in evidence on the

part of the respondent to disprove the allegation of the want of consent. * * * It has never been regarded as a legal excuse for the consummated offense that the woman consented after the fact, and we regard this principle as being applicable to the case of an assault with an intent to commit a rape as well as to the higher offense.''

Thus we find in the instant case under our statute, above quoted, the jury is properly charged by the trial judge on the various offenses and of the higher degree down to the lesser and included in these is this charge on an attempt to commit a felony which is a lesser degree than the maximum degree charged in the indictment. Clearly under the authorities above cited from our State the trial judge is correct in giving this charge. If there are facts to substantiate any of these lesser degrees and the jury so finds and this is approved by the trial judge then it is not error for the jury to find a lesser offense even though the final act was committed. Here in this case the woman according to her testimony complained and fought to begin with but as is so often the case in this type of thing, the woman later more or less consents and the final act is committed. Under such circumstances the jury is clearly justified in the conviction of the lesser offense of an attempt to commit a felony.

■ ■ It is likewise argued by the plaintiff in error that he could not be convicted of an attempt to commit a felony under T.C.A. Sec. 39-603 because the punishment is ''otherwise prescribed'' by T.C.A. Sec. 39-605. We feel that this argument is erroneous because the last section cited applies only to an assault and battery with

an unlawful intent and prescribed no punishment for a mere attempt.

This has been a very interesting question and we have enjoyed reading the excellent briefs as well as an independent search on the matter. For the reasons stated the judgment below must be affirmed with costs.