LEE A. JOHNSON, alias LEE A. ALEXANDER,

*v.*

STATE OF TENNESSEE.

(*Knoxville,* September Term, 1959.)

Opinion filed December 11, 1959.

686

SAM H. SEYMOUR, Chattanooga, for plaintiff-in-error.

WILLIAM D. GRUGETT, Assistant Attorney General, for the State.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The indictment charged Johnson with the statutory offense carried at Section 39-606, T.C.A., reading as follows:

"Any person who shall commit an assault and battery upon a female under the age of twelve (12) years, with the intent to unlawfully carnally know her, shall on conviction be punished as in case of rape."

The female involved was Katie Mae Burks, a mentally deficient ten year old girl.

■■ The jury returned a verdict of guilty and fixed the punishment at ten years in the penitentiary. Johnson has appealed from the judgment entered on the verdict, his motion for a new trial having been overruled, and insists first that the evidence preponderates against the verdict.

Although he insists that he is not guilty, the evidence introduced by the State, if true, establishes his guilt beyond the point of reasonable controversy. It is not necessary to detail that evidence. It was believed by the jury, and it cannot be said properly that the jury acted arbitrarily in believing it. Therefore, as has been repeatedly held, such a verdict will not be disturbed on appeal. Read *Rushing v. State,* 196 Tenn. 515, 518-520, 268 S.W.2d 563. It might be added that, excepting the testimony of defendant, all other evidence introduced in his behalf was negative in character.

■ Johnson's next, and concluding, insistence is that punishment for conviction of the offense created by Code, sec. 39-606 "should have been fixed according to the provisions of Section 39-603 providing that if any person assault another with the intent to commit any felony punishable by imprisonment in the penitentiary *'where the punishment is not otherwise prescribed'* such person shall be punished by imprisonment not exceeding five (5) years in the penitentiary."

Punishment for violation of Code, sec. 39-606 is "otherwise prescribed". Its provision is that the defendant "shall on conviction be punished as in case of rape". The punishment for rape is death by electrocution, unless the jury commutes the punishment to imprisonment for a

period of not less than ten years. This jury fixed Johnson's punishment at such minimum period.

As authority for his insistence that the punishment for violation of Code, sec. 39-606 is that fixed by Code, sec. 39-603, Johnson cites the case of *Bowmer v. State,* 157 Tenn. 124, 6 S.W.2d 326. The girl involved there was 11 years of age. The indictment charged Bowmer with rape. The jury found him *guilty of an attempt to commit rape* and, as instructed by the Court, fixed the punishment prescribed by Code, sec. 39-605. That code section fixes a punishment of from 10 to 21 years for the offense of committing an assault and battery upon any female of 12 years or upwards with an intent, forcibly and against her will, to know her carnally.

The jury did not convict Bowmer of violating Code, sec. 39-605. It convicted him of ''an attempt to commit rape''. This Court, therefore, in holding that the Trial Judge's instruction as to the statute applicable in fixing the punishment was reversible error, said this, 157 Tenn. at page 128, 6 S.W.2d at page 327:

''We have no statute that authorizes imprisonment of ten years for 'attempt to commit rape.' For the felony of attempt to commit rape, or any other felony, the punishment is prescribed by section 6471 of Shannon's Code (39-603 T.C.A.), at confinement in the penitentiary not less than one, nor more than five years.''

Clearly *Bowmer v. State* is not in point here where Johnson is convicted of violating Code sec. 39-606 and given the punishment authorized by that code section.

Where the same point on principle, but in a reverse situation, was sought to be made in *Jones v. State,* 200 Tenn. 429, 434, 435, 292 S.W.2d 713, 716, this Court held:

"It is likewise argued by the plaintiff in error that he could not be convicted of an attempt to commit a felony under T.C.A. Sec. 39-603 because the punishment is 'otherwise prescribed' by T.C.A. Sec. 39-605. We feel that this argument is erroneous because the last section cited applies only to an assault and battery with an unlawful intent and prescribed no punishment for a mere attempt."

In *Temple v. State,* decided in 1912 and reported in 127 Tenn. 429, 155 S.W. 388, 390, the defendant was indicted and convicted of committing the identical statutory offense as that of which Johnson was convicted in this case (Section 39-606, T.C.A.), except that the statute, as it was then written, fixed the age of consent at 10 years rather than 12. The female involved there was less than ten years old. Temple was sentenced to death by hanging, since the statute provided that one convicted thereof be punished "as in case of rape". The Court affirmed the judgment.

In *Davis v. State,* 186 Tenn. 195, 209 S.W.2d 7, the defendant was indicted under Section 39-606, T.C.A., and convicted. His punishment was fixed at 21 years in the penitentiary and the sentence was not disturbed.

The Court's conclusion is that plaintiff-in-error, Johnson, is completely mistaken in his insistence that the punishment for committing the offense created by Code, sec. 39-606 is that fixed by Section 39-603. The punishment for the violation of Section 39-606 is that provided

by that code section. The jury properly fixed the punishment in accordance with its provisions.

In concluding this opinion, perhaps it is not amiss to call attention to the fact that Section 39-605, T.C.A., fixes a punishment of not less than 10 nor more than 21 years for committing an assault and battery upon a female of 12 years or more with intent to forcibly know her carnally. It would be quite an anomaly if the next Code, sec. 39-606 for the same offense upon a child under 12 years of age, hence incapable of consent, should not be more than 5 years in the penitentiary.

Judgment affirmed.