**Jessie Lee HALL, Plaintiff-In-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Sept. 7, 1973.

Certiorari Denied by Supreme Court
Dec. 3, 1973.

Hugh Stanton, Sr., Public Defender, Memphis, for plaintiff in error.

David M. Pack, Atty. Gen., William B. Hubbard, Asst. Atty. Gen., Nashville, Earl E. Fitzpatrick and Raymond Clift, Asst. Dist. Attys. Gen., Memphis, for defendant in error.

OPINION

OLIVER, Judge.

Indigent and represented at his trial and here by the Public Defender, Hall has perfected an appeal in the nature of a writ of error to this Court contesting his Shelby County Criminal Court conviction of attempting to commit a felony, under an indictment for third degree burglary, for which he was sentenced to not less than one nor more than five years in the penitentiary. Co-defendant James Lee Carey was granted a severance.

The sum and substance of all of the defendant's Assignments of Error is that the evidence preponderates against the verdict and in favor of his innocence.

About 3:30 a.m. June 1, 1971 Memphis policemen, responding to a burglary call, went to the Dental and Medical Center, Inc. and found a rear window broken, the bars covering it pried loose and the rear door unlocked. Entering the building, they found the co-defendant James Carey standing a few feet from the door and told him to stop. Carey laid down on the floor with his hands spread and asked the officers not to shoot. Hearing another noise inside after Carey was removed, the officers went back into the building and saw the defendant run across the hallway into a room where he was arrested and handcuffed after a struggle. Desk drawers had been opened and ransacked, the Coca-Cola machine was torn apart, a tire tool was stuck in the door to the pharmacy, other doors had been forced open, a pry bar and crowbar and bolt cutters were on the floor and between $15 and $20 in coins were taken from the Coca-Cola machine. A print lifted from the inside of the broken window was identical to the defendant's left thumb print.

Summarizing an extra-judicial statement made to the police about 9:30 the same

morning, and his testimony at his trial, Hall said he left work about 2:14 that morning and went to the Psychedelic Restaurant about a block from the dental clinic; that his cousin Walter and others decided to break into the clinic but he told them that he did not want to go; that after waiting in the restaurant several minutes for his cousin to return, he went to the alley behind the dental clinic and asked a man if his cousin was there, and that the man replied he did not know and then ran; that, seeing the back door to the clinic propped open with a stick, he looked inside; that when he started to leave he saw Carey walking in the alley, and Carey asked him what he was doing; that before he could reply, he saw a police car with the lights flashing and told Carey to come inside the building and lay down and remove the stick from the door; that a few seconds later the police kicked the door open with guns drawn, and he ran around the hallway and opened a door and attempted to get out through the broken window but saw a policeman standing outside with a shotgun; that the police kicked that door open and he laid down on the floor and the officers began beating him when he denied that he and Carey broke into the clinic; that the officers searched him and removed three cleaning tickets, bearing the name of Ronnie Clements, and $70; that the officers struck him again when he told them that Clements was his cousin; that one of the officers made him try to kick a door open and when he could not do so, the officer gave him a pry bar and told him to pry the door open; that after he was placed in the patrol car, an officer again asked him his name and when he said his name was Hall, the officer replied that was not the name in his pocket and hit him in the mouth and cut his lip.

All of the policemen involved denied that the defendant was beaten or mistreated, and none knew who searched him.

Co-defendant James Carey testified that he was walking through the alley at the side of the dental clinic when he heard a noise from the back of the building; that he hollered at the defendant, who was standing at the door, and asked him what was going on; that the defendant did not answer, so he walked to the back of the building; that the defendant told him to come in because the police might be around, and to lay on the floor to avoid getting shot; that the police came inside and one of the officers took him outside; that he told the police that he did not break into the clinic; that he did not agree to plead guilty, but did not know why he was not being tried; that he did not remember telling the defendant's attorney that one of the policemen told him to run; that no one tried to beat him up, and that when he first saw the defendant, he had something in his hand.

Considered in the light of the rules governing appellate review of Assignments challenging the sufficiency of the evidence in criminal cases, Jamison v. State, 220 Tenn. 280, 416 S.W.2d 768; Webster v. State, 1 Tenn.Cr.App. 1, 425 S.W.2d 799; Hancock v. State, 1 Tenn.Cr.App. 116, 430 S.W.2d 892; Morelock v. State, 3 Tenn. Cr.App. 292, 460 S.W.2d 861; Chadwick v. State, 1 Tenn.Cr.App. 72, 429 S.W.2d 135; Phillips v. State, 2 Tenn.Cr.App. 609, 455 S.W.2d 637, we cannot say that the jury incorrectly weighed and evaluated the evidence and reached a wrong result in this case. On the contrary, in our judgment the evidence fully justified the jury's decision. The defendant has failed to carry his burden of demonstrating here that the evidence preponderates against the verdict of the jury and in favor of his innocence.

In Jones v. State, 200 Tenn. 429, 292 S. W.2d 713, the Court rejected an insistence identical in principle to that advanced by the defendant in this case, that he could not be convicted of an attempt to commit a felony upon proof showing commission of third degree burglary. In *Jones,* the Court held that conviction of an attempt to commit a felony is sustainable where the proof

**212**

shows that the charged act was completed. The Court said:

"If there are facts to substantiate any of these lesser degrees and the jury so finds and this is approved by the trial judge then it is not error for the jury to find a lesser offense even though the final act was committed."

In the case before us, the State's proof, obviously accepted by the jury, clearly warranted a finding that the defendant was guilty of third degree burglary. The defendant and his co-defendant were practically caught red-handed. Under the holding in *Jones,* supra, the jury was also warranted in finding the defendant guilty of the lesser included offense of attempt to commit a felony. The verdict need not specify the felony attempted. Clark v. State, 214 Tenn. 555, 381 S.W.2d 898.

Affirmed.

GALBREATH and RUSSELL, JJ., concur.