Ronnie **FULLER**, Plaintiff-in-Error,

v.

**STATE** of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

March 12, 1974.

Certiorari Denied by Supreme Court
June 17, 1974.

William Terry Denton, Maryville, for plaintiff-in-error.

David M. Pack, Atty. Gen., John B. Hagler, Jr., Asst. Atty. Gen., Nashville, H. Kenneth Deatherage, Dist. Atty. Gen., Kingston, for defendant-in-error.

## OPINION

DWYER, Judge.

This appeal flows from a conviction by a jury for committing the offense of kidnapping, T.C.A. § 39–2601, with punishment of confinement for ten years.

The plaintiff-in-error, later referred to as defendant, has seasonably appealed and presents the following assignments of error: (1) that the evidence is insufficient; (2) that the court erred in refusing to charge the jury on the lesser included offense of assault; (3) that the trial court erred in restricting testimony pertaining both to the defendant's behavior when intoxicated and to the results of his treatment for alcoholism; (4) that the trial court erred in allowing the state to call a rebuttal witness not listed on the indictment; and (5) that there was new evidence which should have caused the trial court to grant him a new trial.

The record reflects the following facts from our review: A young couple were parked on a highway in Blount County on the evening of July 24, 1972, around 10:00 p. m. The defendant pulled his car in back of their vehicle and, after alighting, approached the couple and at gunpoint ordered them out of their car. The defendant, at the time, was attired in sports clothes and represented himself to be a deputy sheriff. He accused the couple of stealing the car and some scuba equipment they had in their vehicle. They were then ordered into the defendant's car where a youngster companion of the defendant was sitting. The couple were put in the back and the defendant stated that he was taking them to the judge. After having driven around for approximately an hour, the

defendant stopped the car and put the pistol down. The youth grabbed it and struck the defendant with it whereupon the defendant and his companion ran off.

The youth and his date then drove the defendant's car back to where his car had been left. They each drove one of the cars to the youth's home and made a complaint to the police.

The defendant was apprehended that night.

The pistol which the defendant had held turned out to be a B.B. pistol that was a replica of the Army .45.

At the trial the defendant argued a defense of drunkenness. He contended that he did not recall the events of the night in question. It was his assertion that he had voluntarily consumed some 18 beers and had no remembrance of the evening, other than that he thought four hippies had hit him on his head and had taken his car. He related that he had a history of drinking and of having a drinking problem.

He offered witnesses who testified that on the evening in question the defendant was intoxicated.

We think that the evidence is sufficient to sustain the verdict. The factual differences between the testimony of the witnesses has been settled by the verdict of the jury. The state's witnesses related that the defendant was not intoxicated. The defendant and his witnesses related that he was. We are not free to reevaluate this evidence, which by the jury's verdict has been decided adversely to his contention. See State v. Grace, Tenn., 493 S.W.2d 474, 476. The verdict has settled against the defendant his defense that he was so intoxicated that he could neither remember the events nor possibly have formed the intent to commit the crime. See Bradford v. State, 208 Tenn. 500, 347 S.W.2d 33. The assignments pertaining to the sufficiency of the evidence are accordingly overruled.

We do not think that the trial court, under the evidence in this record, has to charge, as urged, on the offense of assault. See T.C.A. § 40–2518. The defendant reasons that inasmuch as the trial court charged that assault is an element in kidnapping, then following Strader v. State, 210 Tenn. 669, 362 S.W.2d 224, it was and is mandatory under T.C.A. § 40–2518 that the trial court charge the lesser offenses. However, a reading of Patterson v. State, 218 Tenn. 80, 400 S.W.2d 743, and Bolin v. State, 219 Tenn. 4, 405 S.W. 2d 768, reveals that *Strader,* supra, has been limited to its facts. They teach that once an offense is clearly made out by the evidence, then the trial court does not have to charge on lesser offenses. See Good v. State, 69 Tenn. 293, 294, 295. The evidence, as narrated, clearly reflects that the defendant imprisoned the young couple against their will. He defended on two theories: (1) that if he was involved, he was too drunk to form the "requisite intent" to kidnap; (2) that he was jumped by four hippies. In either event, he does not remember what happened. It is clear that the fact of the crime of kidnapping has been made out in this record and that, at best, the defendant is contesting his identity as the perpetrator of this crime. The voluntary drunkenness and amnesia of the defendant is no defense. See Walden v. State, 178 Tenn. 71, 156 S.W.2d 385, 387; Thomas v. State, 201 Tenn. 645, 301 S.W.2d 358, 360, 361. Since it is no defense the fact of the offense is not questioned by the untenable theory advanced. Therefore, no issue is raised in the evidence calling for a charge on a lesser included offense. Under these circumstances, the trial court did not err in declining to charge on assault. The assignments are overruled.

We do not think that the court erred in restricting defendant's testimony as to the treatment he had received in the hospital because of alcoholism. Nor do we think that the trial court unduly restricted his witnesses nor inhibited his defense of

drunkenness. This record reflects that liberality was accorded the defendant in admitting his voluntary alcohol problems. The assignment is overruled.

■ Nor do we think that the court erred in allowing the state to call in rebuttal one officer not listed on the indictment. The defendant testified that he was intoxicated the night in question. The officer in rebuttal testified that he had seen the defendant that night and that he was not intoxicated. We find no abuse in the trial court's discretion in allowing this rebuttal testimony. See Guy v. State, 1 Tenn.Cr. App. 366, 370, 443 S.W.2d 520. The assignment is overruled.

■ Finally, we do not think that the court erred in declining to sustain defendant's motion for a new trial raised on the contention of newly discovered evidence. The evidence in the affidavit accompanying the motion reflects that another officer had seen defendant on the morning after the event occurred and that he was intoxicated. We do not think, however, that the trial court abused its discretion in denying the motion. Looking at this evidence, in its most favorable light to the defendant, its only purpose was impeachment. Neither do we think that this evidence would have brought about a different result. See Rosenthal v. State, 200 Tenn. 178, 185, 186, 292 S.W.2d 1. The assignment is overruled.

The judgment of the trial court is affirmed.

WALKER, P. J., concurs.

GALBREATH, Judge (dissenting).

Under the undisputed facts in this appeal from a conviction in the Criminal Court of Blount County for kidnapping, the defendant assaulted two young occupants of a parked motor vehicle on the 24th day of July, 1972, and forced them to accompany him and a young companion in the plaintiff in error's automobile under the pretext that both of the latter were deputy sheriffs who suspected the victims of committing various imagined offenses. It is obvious from the bizarre behavior of the defendant that a kidnapping in the classical sense was not committed, but the facts do support all the necessary elements of the offense charged, and I agree that we should overrule the assignment of error challenging the sufficiency of the evidence.

I must respectfully dissent, however, from the majority's disposition of the assignments of error complaining that the trial judge refused to charge, as requested, that the jury could have found the defendant guilty of assault.

It is the positive duty of the trial judges in this State to instruct juries in criminal cases that a defendant may be found guilty of any lesser offense included in any other offense.

"It shall be the duty of all judges charging juries in cases of criminal prosecutions for any felony wherein two (2) or more grades or classes of offense may be included in the indictment, to charge the jury as to all of the law of each offense included in the indictment, without any request on the part of the defendant to do so." T.C.A. § 40–2518.

"Upon an indictment for any offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment and guilty of any degree inferior thereto, or of an attempt to commit the offense; and the defendant may also be found guilty of any offense the commission of which is necessarily included in that with which he is charged, whether it be a felony or misdemeanor." T.C.A. § 40–2520.

Compliance with the directives of the statutes is not discretionary but mandatory. As pointed out by our Supreme Court:

"It is also the duty of the Court to define in his charge all the offenses embraced in an indictment for this crime.

The jury is the exclusive judge of the facts, the Court is a witness to it of the law. When the jury has heard the facts, it is for it to say what offense, if any, has been committed against the law. However plain it may be to the mind of the Court that one certain offense has been committed and none other, he must not confine himself in his charge to that offense. When he does so he invades the province of the jury, whose peculiar duty it is to ascertain the grade of offense. However clear it may be, the Court should never decide the facts, but must leave them unembarrassed to the jury." Poole v. State, 61 Tenn. 288.

Of course, where it is evident from the facts that a lesser included offense has not been included in the commission of the greater, then it is not necessary to charge an abstract or strained hypothetical theory. See Bolin v. State, 219 Tenn. 4, 405 S.W.2d 768; Patterson v. State, 218 Tenn. 80, 400 S.W.2d 743. But where the facts will support a conviction for the lesser included offense, the jury must be given an opportunity to find this guilt. In Spencer v. State, Tenn., 501 S.W.2d 799, our Supreme Court recently held that even though the jury found beyond a reasonable doubt that a larceny of an automobile had taken place, still where the facts involved in a temporary taking, or joyriding were included in the facts, the jury must be charged on the minor offense:

"In the instant case, it is clear that the charge should have been given because every element necessary to prove a violation of the 'joyriding' statute was present. Petitioner took the Ranchero from the owner and used it on a frivolous adventure. Moreover, the vehicle was abandoned. The only element left in question was whether petitioner intended to permanently deprive the owner of the vehicle or whether he intended to merely use it and then abandon the vehicle, as he did. Since the trial judge failed to give an appropriate charge on 'joyriding' the jury had no alternative but to acquit or convict the petitioner on the higher felony which embraces every element of fact necessary to convict for the lesser offense. It is clear that the element of intent must be determined by the jury from the facts based upon thorough instructions on the law from the trial judge. This necessarily follows because intent, like other elements, cannot be presumed but must be proven. *See* Liming v. State, 220 Tenn. 371, 417 S.W.2d 769 (1966). Had the proper instructions been given, petitioner could have been convicted of the lesser offense. Therefore, it was the duty of the trial judge to charge the jury as to the lesser offense. There is no judicial discretion involved, it is a positive duty. *See* TCA § 50–2518 [sic], Good v. State, 69 Tenn. 293 (1878)."

Succinctly stated, I believe it necessary to charge the elements of any lesser included offense a conviction for which the facts of a particular case would support. Inasmuch as we would have no choice but to affirm a conviction under the facts of this case for simple assault, it follows that the trial judge should have instructed the jury that they could have found the defendant guilty of that offense.

In State v. Marks, 178 N.C. 730, 101 S.E. 24, the defendant was found guilty of assaulting a woman that he was indicted for kidnapping. In approving the jury verdict the Supreme Court of North Carolina held that in a prosecution for kidnapping the jury could take "the more lenient view of the evidence and convicted them of the lesser crime of assault against a woman." As noted above, we could not in good conscience overturn a conviction for assault if the jury had accepted by was of mitigation the theory of the defendant that he had been drinking so heavily that he was not capable of harboring the necessary intent to commit the crime of kidnapping. We could not do this for the simple reason that the proof shows overwhelmingly that an assault was committed. The fact that it tends to show also that a kidnapping was

committed does not vest the trial court nor us with the jury prerogative of saying that no lesser crime was intended when the facts show that the lesser crime actually was perpetrated.

The trial judge himself recognized that the defendant had to commit an assault under the facts of this case before there could have been a kidnapping when he stated correctly to the jury in his charge, "Now kidnapping embraces all the elements of assault and false imprisonment." The State also concedes in its brief that an assault was proved under the facts of this case.

While it may be that some kidnappings as defined by statute may be accomplished without force or assault, as is recognized in the language of T.C.A. § 39–2601 which not only proscribes the forcible abduction of another against his will but also the inveigling or enticing of another to accompany the kidnapper to the place of confinement, it is plain that forcible kidnapping such as treated here must necessarily include assault. The trial judge should have charged the elements of this offense and instructed the jury that they could have found the defendant guilty of assault.

In what to me was a remarkably similar case my esteemed friend and colleague, the author of the majority opinion, held that it was reversible error not to charge the lesser included offense of assault and battery. In his unpublished opinion in Kelly and Hans v. State (Knoxville, October, 1971), it was factually found that the defendants accosted two victims and forced them to lie down on the floor of their home and bound them with adhesive tape while the house was ransacked by the would-be robbers. In reversing Judge Dwyer said:

"They lastly contend the trial court erred in not charging the jury on the lesser included offense of assault and battery included in the indictment. With this insistence we agree. The mandates of T.C.A. 40–2518 require, without request, the mandatory duty upon the court to charge the law on lesser included offenses. The mandate of T.C.A. 39–608 compels the trial court to submit to the jury the law on the lesser included offenses of assault and assault and battery. The issue as to the lack of intent to rob was raised by the defense of the defendants. When the issue is thus raised, then it is and was mandatory upon the trial court to charge on the lesser included offenses of assault and assault and battery. There therefore is evidence in this record that would support a verdict of assault and battery."

As in *Kelly* intent was denied. As in *Kelly* the victims were assaulted after being deprived of their freedom and forced to submit to the custodial will of the defendants. As in *Kelly* the facts supported the offense found by the jury to have been committed (assault with intent to rob) as well as the lesser included offense of assault.

Finally it must be pointed out that the position sought to be maintained by the State is completely inconsistent with that urged in other cases. Surprisingly enough, the State has prevailed in cases in which it has insisted that the defendant could only have been convicted of the greater crime and in cases when it insisted that a defendant could be convicted of the lesser crime. Thus, whenever a defendant says that only one crime was proved and no other, although a jury convicted him of a lesser offense, this is alright with the State. As Judge Oliver points out in a quite recent case, relying on authority of the Supreme Court that would seem unequivocably to support the plaintiff in error's position in this case:

"In Jones v. State, 200 Tenn. 429, 292 S.W.2d 713, the Court rejected an insistence identical in principle to that advanced by the defendant in this case, that he could not be convicted of an attempt to commit a felony upon proof showing commission of third degree burglary. In *Jones,* the Court held that

conviction of an attempt to commit a felony is sustainable where the proof shows that the charged act was completed. The Court said:

'If there are facts to substantiate any of these lesser degrees and the jury so finds and this is approved by the trial judge then it is not error for the jury to find a lesser offense even though the final act was committed.'

"In the case before us, the State's proof, obviously accepted by the jury, clearly warranted a finding that the defendant was guilty of third degree burglary. The defendant and his co-defendant were practically caught red-handed. Under the holding in *Jones,* supra, the jury was also warranted in finding the defendant guilty of the lesser included offense of attempt to commit a felony." Hall v. State, Tenn.Cr.App., 503 S.W.2d 210.

The individual judges of this Court have long been in conflict on the issue treated in the majority opinion and here. Judge John Mitchell called attention to a split opinion of this Court in Black v. State, 1 Tenn.Cr.App. 373, 443 S.W.2d 523, as authority for his dissenting views in Kelly v. State, *supra.* Judge Oliver's views in *Hall* seem to be at odds with his views in *Black,* as do Judge Dwyer's views seem to me to conflict in *Kelly* and this case. It seems that we are as equally divided on the issue as a seven member court could be. For this reason it is earnestly suggested that the Supreme Court address itself definitively to the issue of whether or not a lesser included offense must be explained in the charge to the jury in a case in which the evidence will support a conviction for committing the lesser included offense. It is a simple issue but one that has escaped final resolution by more than a plurality of the members of this Court, in spite of what to me, at least, seem to be the clear and unambiguous directives contained in the language of the relevant statutes and of the Supreme Court in such opinions as Poole v. State, *supra.*

For the reasons set out above, I must respectfully dissent.