William **HALPIN** and Charles Byrd,
Plaintiffs in Error,

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

June 25, 1974.

Certiorari Denied by Supreme Court
Oct. 21, 1974.

Stafford Hagwood, Asst. Pub. Defender, Nashville, for plaintiffs in error.

David M. Pack, Atty. Gen., David L. Raybin, Asst. Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., Aaron Wyckoff, and J. Randall Wyatt, Asst. Dist. Attys. Gen., Nashville, for defendant in error.

OPINION

MITCHELL, Judge.

The defendants William Halpin and Charles Byrd, represented by Honorable Stafford Hagwood, Assistant Public Defender, were jointly tried and convicted on October 31, 1973 in the Criminal Court of Davidson County, Tennessee of burglary in the third degree. The jury fixed their punishment at not less than three nor more than ten years each in the penitentiary upon which the Trial Judge, Honorable Raymond H. Leathers, duly pronounced judgment and sentence of not less than three nor more than ten years in the penitentiary.

Linda Lindsey was jointly indicted with the defendants Halpin and Byrd but a severance was ordered in her case.

According to the testimony of the State's witnesses the business house of The Massey Seating Company at 100 Taylor Street in Nashville was burglarized about 10:30 on the night of June 9, 1973. Their factory employed about seventy people and was situated in a building which occupied about 43,000 square feet of space. The business was equipped with an alarm system by Security Alarms who also operated a guard service.

Mr. Robert Hendricks of the Security Alarms was on duty on the night of June 9, 1973. At about 10:30 P.M., he received an alarm on the Massey Seating Company and went at once to the plant. When Hendricks drove up in his truck he saw Linda Lindsey sitting in a station wagon on the lot of Massey Seating Company. Mr. Hendricks asked her who was in the building and she said one of them was her brother and she did not know the other man, that they broke a window out of somewhere and she heard them go in. While Mr. Hendricks was talking to Miss Lindsey, Sergeant Wright of the Metro Police Department drove up. Other police officers arrived soon after Sergeant Wright came.

Mr. Hendricks entered the burglarized building directly behind Officer Simpson, and saw the defendants Byrd and Halpin in the Massey business house standing in front of the coin vending machines. Tools were on the floor in front of the vending machines. There were marks on the three machines which indicated an effort had been made to break into them.

Officer Simpson did not have a key to the door but one of the defendants suddenly opened the door from the inside and started out and Officer Simpson pushed in before the surprised defendant had time to close the door.

Officer Simpson and his partner Galen Sanders were working in District Car 29 when at 10:50, on the night in question,

they received a call to answer a silent burglar alarm at Massey Seating Company at 100 Taylor Street. When he arrived there he saw a window which had been broken. He stationed himself where he could view an exit door and the broken window where he assumed they had entered. He saw the defendant Byrd from the inside, open the door and he immediately closed it. He called on Byrd to halt and went to the door and opened it and saw the defendant Byrd inside the Massey Seating Company.

Officer Hendricks came to Simpson's assistance when he saw him go toward the building. Officer Simpson went inside the Massey business house where he saw both defendants Byrd and Halpin standing next to the quick service coin operated vending machines for cokes, milk, and food. That both of the defendants were wearing socks on their hands and had tools in their pockets. The officer pointed out and identified the defendants in the courtroom.

Officer Simpson made an examination and inspection of the building and noticed several heavy duty hand tools on the floor, on the defendants' persons and on the coin operated vending machines. There were marks on the machines showing an effort had been made to pry them open. On the floor near the door where Officer Simpson entered there were two radios and other pieces of property on the floor inside the building. The glass in the broken window indicated it was broken from the outside.

Mr. Massey's office had been cluttered up. They found checks in various amounts made out to Mr. Massey or Massey Seating Company on the person of each defendant. The checks were payable to Fred Massey or Massey Seating Company in the following amounts: $57.85, two for $50.00 each, $40.00, $3.60, a federal check payable to Mr. Massey in the amount of $70.00.

Sergeant Steven A. Wright, Jr., of the Metropolitan Police Department testified and corroborated the testimony of Officer Simpson and Security Agent Hendricks.

The defendants did not testify nor offer any proof.

## ASSIGNMENTS OF ERROR

1. The evidence preponderates in favor of the defendants' innocence and against their guilt.

2. The Trial Judge erred in charging the jury regarding the doubling of the minimum sentence, said charge being based on an unconstitutional statute.

3. The verdict of the jury (Judgment of the Court) was contrary to both the law and the evidence.

4. There was no evidence to support the jury's verdict.

Assignments of error 1, 3, and 4 challenge the legality and sufficiency and preponderance of the evidence and will be considered together.

The breaking into of the Massey building caused the silent alarm system to alert the security people and brought the police post haste to the scene of the burglary. The officers found a window had been broken and the two defendants were inside the burglarized house. The defendants were found at or beside the coin operated food and drink vending machines with tools in their pockets and tools on the floor nearby. On the person of the defendants they found stolen checks in excess of $200.00 payable to Mr. Massey and the Massey Company. There were scratches on the vending machines which showed efforts had been made to break into them.

■ The evidence does not preponderate against the verdict. White v. State, 210 Tenn. 78, 356 S.W.2d 411. The defendants are here under a presumption that they are guilty.

■ We may not reverse a conviction on the facts unless the evidence preponderates against the verdict and in favor of the innocence of the defendants.

The evidence abundantly sustains the verdict of guilty. Gann v. State, 214 Tenn. 711, 383 S.W.2d 32; Holt v. State, 210 Tenn. 188, 357 S.W.2d 57.

Hall v. State, Tenn.Cr.App., 503 S.W.2d 210 (1973), was a case where Hall was convicted of the offense of attempt to commit a felony under an indictment charging third degree burglary of the Dental and Medical Center Inc. A window of the business house was broken, the bars covering it pried loose and a rear door unlocked. Hall and a co-defendant were found inside the building about 3:30 A.M. The officers saw Hall run across the hallway into a room where he was arrested. Inside the building desk drawers had been opened and ransacked, the coca-cola machine was torn apart, a tire tool was stuck in the door of the pharmacy, other doors had been forced open, a pry bar and a crow bar and bolt cutters were found on the floor. Between $15.00 and $20.00 in coins had been taken from the coca-cola machine.

In an opinion by Judge W. Wayne Oliver, concurred in by Judges Charles Galbreath and William S. Russell we upheld the conviction of attempt to commit a felony and said:

"In the case before us, the State's proof, obviously accepted by the jury, clearly warranted a finding that the defendant was guilty of third degree burglary. The defendant and his co-defendant were practically caught red-handed. Under the holding in *Jones* [Jones v. State, 200 Tenn. 429, 292 S.W.2d 713], supra, the jury was also warranted in finding the defendant guilty of the lesser included offense of attempt to commit a felony. The verdict need not specify the felony attempted. Clark v. State, 214 Tenn. 555, 381 S.W.2d 898."

The burglars in the case at bar, had apparently entered the Massey business house through a broken window found by an officer of the company. Halpin and Byrd were found inside the business house about 10:30 at night. They had on their person checks payable to Massey and the Massey Company in amounts in excess of $200.00 stolen from Mr. Massey's office. They

were wearing socks on their hands, had some tools in their pockets, and other tools on the floor nearby. The coin operated food and drink vending machines in the business house showed efforts had been made to break into them. Two radios and a flashlight had been removed from the office and placed by the door evidently for the purpose of being taken away by the defendants.

Comparing the facts in Hall, supra, with the facts in the case at bar, we are impressed with the striking similarity of the facts in the two cases.

Here we think there is abundant evidence on which the jury was justified in finding that Halpin and Byrd broke and entered the business house in question with intent to commit larceny, and were properly found guilty of third degree burglary.

The defendants in their 2nd assignment of error contend the Trial Judge erred in charging the jury regarding doubling of the minimum sentence because the charge was based on an unconstitutional statute.

The pertinent provisions of the Act, Chapter 163 of the Public Acts 1973 are as follows:

"*An Act* to amend Section 40–2707 Tennessee Code Annotated, relative to verdict and sentence on felony conviction. *Be It Enacted By The General Assembly Of The State Of Tennessee:*

*Section* 1. That Section 40–2707, Tennessee Code Annotated is hereby amended by deleting said section in its entirety and substituting in lieu thereof the following:

'40–2707. Verdict and sentence on felony conviction—Whenever any person over eighteen (18) years of age is convicted of any felony or other crime and punishable by imprisonment in the penitentiary, with the punishment for said offense within minimum and maximum terms provided for by law, the jury in addition to finding the defendant guilty shall fix the minimum and maximum term of the convicted defendant provided that the minimum sentence so fixed shall not be increased to exceed more than twice the minimum sentence as provided by law or the minimum sentence provided by law plus one-half (½) the difference between the minimum and maximum sentence as provided by law, whichever is less. Its form of verdict shall be:

'We find the defendant guilty as charged in the indictment' or 'We find the defendant guilty of . . . . (Whatever may be the offense charged), and fix his punishment at imprisonment in the penitentiary for not less than ___ years nor more than ___ years,' and the Court imposing judgment upon such verdict shall not fix a definite term of imprisonment, but shall sentence such person to the penitentiary for a period of not less than nor more than the term fixed by the jury, making allowance for good time as now provided by law.' "

The defendants' contention is that, formerly under the old statute, the jury could set a maximum term of imprisonment but could not alter the statutory prescribed minimum sentence for an offense. Under the new law the jury has the power to double the minimum sentence of a felony, thus, in effect, changing the statutory prescribed penalty for an offense.

That where formerly a defendant was faced with a possible sentence of three to ten years, he is now possibly faced with six to ten years.

The defendants further contend that the new Act repeals the former Act and it also changes the penalty for a felony. That clearly, the title of the Act does not give notice of these consequences. Article 2, Section 17 of the Tennessee Constitution requires the subject of all Bills to be expressed in its title, in order that one might have notice of the true nature of the Bill. Amended Section 40–2707 T.C.A., does not comply with this Constitutional mandate.

The defendants complain that when the trial judge gave T.C.A. Section 40–2707 in charge to the jury they were faced with a possible sentence of six to ten years instead of three to ten years.

The Attorney General contends that the jury in fixing the punishment at three to ten years showed they were not influenced by the charge under the new statute.

It seems the defendants are complaining about something which the jury could have done, but did not do.

■ We do not think the defendants have any standing to attack the validity of this statute because they have not been adversely affected by it.

In Hicks v. Rhea County, 189 Tenn. 383, 225 S.W.2d 544, cited by the Attorney General in his brief, and repeated in many of our decisions the Court said:

" 'No one has the right to attack a particular provision in a statute as unconstitutional unless it affects him adversely. This court has said, when an Act is void under the one-subject clause of the Constitution, "anyone against whom such an act is sought to be enforced may attack it on that ground, and if successful he will be relieved of whatever burden the statute in any of its parts seems to impose on him." State v. Cumberland Club, 136 Tenn. 84, 101, 188 S.W. 583, 587.' Cheatham County v. Murff, 176 Tenn. 93, 105, 138 S.W.2d 430, 434."

Now turning to the defendants' contention that Article 2, Section 17 of the Constitution of the State of Tennessee has been violated by the failure of the title of the Act in question to give notice of the consequences of the proposed law.

■ The provisions of Article 2, Section 17, of the Tennessee Constitution are safeguards which are wholesome and salutary and, as our law writers have said, are designed to protect the people from the pernicious practice of enacting statutes whose effect was unknown to the members of the Legislature and to the people, and to direct the attention of the Legislature to the existing law and the proposed change and thus prevent improvident legislation. Memphis Street Ry. Co. v. Byrne, 119 Tenn. 278, 104 S.W. 460.

See Home Insurance Company v. Taxing District, 72 Tenn. (4 Lea.) 644; Knoxville v. Lewis, 80 Tenn. (12 Lea.) 180.

■ We think the caption of the Act, Chapter 163, Public Acts of 1973 which is an "Act to amend Section 40–2707 Tennessee Code Annotated, relative to verdict and sentence on felony conviction" plainly discloses its purpose and effect.

In Donahoo et al. v. Mason and Dixon Lines, 199 Tenn. 145, 285 S.W.2d 125 (1956), the Court said:

"The second assignment of error is directed at the failure of the Chancellor to hold that Chapter 3, Acts of 1953, violates Art. II, section 17, of the Constitution because (1) its body is broader than its caption, and (2) it contains two distinct and unrelated subjects. The caption is:

'An act to amend sections 2680.75, 2706, 2715.3 and 2715.5 of the Supplement to the Code of Tennessee, said sections relating to the registration and weight of freight motor vehicles.'

There is no merit in this first insistence. The reference alone to the section numbers of the official Code is sufficient without the additional language. Memphis Street Ry. Co. v. State, 110 Tenn. 598, 75 S.W. 730; Block Coal & Coke Corp. v. Case, 193 Tenn. 377, 246 S.W.2d 52."

We hold that the Act, Chapter 163, Public Acts of 1973 does not violate Article 2, Section 17, of the Tennessee Constitution, and overrule the assignment of error.

The assignments of error are overruled and the judgment is affirmed.

O'BRIEN and GALBREATH, JJ., concur.